David A. Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

Dear Springfield Federal Court,

My name is David Stebbins, and I am writing in regards to my employment discrimination case against Randal Richardson, owner of Reliable Heat & Air, LLC. I apologize for not know the case number.

I am writing in regards to two things.

First, I had sent a request to waive service of summons to Richardson, via first class mail. That took place on August 12, 2010. Please do not get the wrong idea; I did not send him the request to waive service of summons before I sent you the complaint. Rather, I sent them both at the same time, but the complaint took longer to get to you because of some unexpected problems with the Post Office. Therefore, this is not an improper delivery.

Anyway, as you can clearly see, the 30-day time limit for him to respond has passed. However, he has not responded to my request to waive service of summons. Fortunately, as you can see, I am proceeding in forma pauperis. Therefore, per the Federal Rules of Civil Procedure, Rule 4(c)(3), I would like you to have the U.S. Marshal execute the service of summons and complaint.

Now, on to my next motion: I have recently received word that my case been selected for a mandatory mediation. However, I would like to plead that you revoke that requirement. Since this is a charge of employment discrimination, we already had the chance to mediate the claim at the EEOC's expense. The EEOC took place, if memory serves, on February 25, 2010 (I do not remember the exact date, because we were supposed to destroy all documents about the mediation, per a confidentiality agreement). Clearly, we did *not* reach a settlement, hence why we are litigating the claim, now. Richardson simply did not think he did anything wrong.

Not only that, but the EEOC mediation has left me with a sour taste in my mouth about mediation in general. The mediator was supposed to be impartial, yet he clearly was not; he kept pushing me and pushing me to take this *insulting* settlement (I cannot disclose exactly what was offered to me, because the mediation was confidential, suffice it to say, it was a blatant *insult*). All that, and I spent two hours driving from Harrison to Springfield, hoping that, if Richardson knew what was good for him, he would settle. That entire four-hour round trip, plus the mediation itself, took up my entire day, and I was literally cussing at my own mother (yes, do not adjust your spectacles; That is not a typo. I was *cussing* at my own *mother*), over the results of the mediation, or lack thereof.

Last, but not least, let us not forget that mediation is, by its very nature, not something you want to *force* anyone to do. Mediation are supposed to encourage people to voluntarily settle their disputes, and, if they *attending* involuntarily, there is going to be some cynicism. Besides, the form I received explicitly said that I am not required to settle. Therefore, I can, theoretically, lay an offer on the table, and Richardson can take it or leave it. If he leaves it, I walk away. Mandatory mediation complete. If I am to do that, I do not see the need for any human intermediary.

So, I move to be relieved of my obligation to attend this mediation for three reasons:
1. We've already done one in this case.

2. I distrust mediation in general, and
3. It has no better chance of us reaching a settlement than if we settled on our own. Your honor, please relieve me of my obligation to mediate the claim.

Sincerely,
David Stebbins