IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-3305-CV-S-RED ) |
| RELIABLE HEAT & AIR, LLC, et al., And | ) ) ) ) |
| RANDALL RICHARDSON, et al. | ) ) |
| Defendants. | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW, Defendants and for their opposition to Plaintiff's motion for partial summary judgment state as follows:

I. Defendants initially object to Plaintiff's motion in that the motion is premature, filed before discovery is complete, and unsupported by uncontroverted material facts.

II. Additionally, Plaintiff does not request any specific remedy in his motion and Defendants cannot ascertain what Plaintiff is asking the Court to do and are therefore unable to appropriately respond to Plaintiff's motion and therefore request the Motion be denied.

III. Thirdly, Defendants respond specifically to the numbered allegations of Plaintiff's motion as follows:

1. Defendants specifically deny that Plaintiff is "disabled" under the definitions of the Americans with Disabilities Act, nor is Plaintiff a

"qualified person" as defined under the Act. Defendants did not "admit" the contrary in response to Request for Admissions, which was specifically denied. (See Defendants Response to Request for Admissions Number 9 and 10-Exhibit 1; Affidavit of Randall Richardson-Exhibit 2)

Plaintiff claims to be disabled with "Asperger's Syndrome" and states in his pleadings, "This disability makes me tactless" or as stated elsewhere, makes him rude to people. Although Plaintiff my be "tactless" he is not disabled.

2.  Plaintiff was terminated from employment because he could not properly perform the required and necessary duties of his employment. He was not terminated because of any "disability" and Defendants did not "admit" this in response to Plaintiff's Request for Admissions. (See Defendants' Response number 8, 23, and 28-Exhibit 1; Affidavit of Randall Richardson-Exhibit 2)

Plaintiff, in his motion, next makes reference to "remaining questions of material fact" and lists 4 separate paragraphs. Defendants do not understand if these are alleged as undisputed material facts or disputed, however, Defendants will reply specifically to the same numbered paragraph:

1.  This is a disputed fact and Plaintiff has made no offer of proof nor does he provide affidavit or other proffer.

2.  Plaintiff has made no issue of "harassment" nor has he made an offer of proof by affidavit or otherwise, and Defendants specifically deny that Plaintiff was harassed because of his alleged "disability" or for any other reason. (See Affidavit of Randall Richardson-Exhibit 2)

3.  Defendant has no knowledge of whether or not Plaintiff contemplated suicide, specifically denies such allegation, asserts that this is

not a material fact at issue, and denies such allegation, and further states that "contemplation of suicide" does not support a compensable claim.

  4. Again Defendants refer to the immediately preceding paragraph and specifically that Plaintiff was wrongfully terminated.

  WHEREFORE, Defendants respectfully request that Plaintiff's Motion for Summary Judgment be denied because it is untimely filed, because by its own statement there remain numerous material facts to yet be determined and such motion is wholly without basis or support.

            /s/ Gary W. Allman
            Gary W. Allman Bar #19921
            P.O. Box 5049
            Branson, Mo 65615
            Phone: (417) 332-2800
            Fax: (417) 332-1008
            garywallman@gmail.com
            Attorney for: Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS,            )
                           )
    Plaintiff,            )
                           )
v.                         ) Case No. 10-3305-CV-S-RED
                           )
RELIABLE HEAT & AIR, LLC, et al., )
    And                   )
                           )
RANDAL RICHARDSON, et al.  )
                           )
Defendants.                )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Come now Defendants Reliable Heat & Air, LLC and Randall Richardson, in response to Plaintiff's David Stebbins, request for admissions and state as follows:

For the purpose of this request for admissions, all first-person pronouns shall refer to the Plaintiff, and all second-person pronouns shall refer to the defendants. "Reliable" means the defendant, Reliable Heat & Air, LLC, and "Richardson" means defendant Randal Richardson.

1. I was employed by you, for one week, from the date of Teusday, May 26, 2009 to the date of Monday, June 1, 2009.
   Reply: Admit.

2. Randal Richardson is the sole owner of Reliable Heat & Air, LLC, to the point that it would be a sole proprietorship, rather than a partnership, if it were not an LLC.
   Reply: Randall Richardson is not the sole owner of Reliable Heat & Air LLC and further Deny this request.

3. If any of the torts listed in the complaint are proven, Randal Richardson

EXHIBIT 1

would be jointly liable as the personal executor of these actions, on Reliable Heat & Air, LLC's behalf.
Reply: Deny

4. I was employed by Reliable as a customer service representative.
   Reply: Deny. Plaintiff was employed to answer the phone and make notes of calls and otherwise respond to the calls.

5. My job description was to receive service calls from customers, schedule appointments using a paper-and-pen version of a database, and dispatch technicians to fix the problems that the customers complained about.
   Reply: Admit.

6. Officially, I was scheduled as a full-time employee.
   Reply: Admit.

7. Despite this, my one paycheck had less than 30 hours of work, due to Richardson asking me to go home, early every day.
   Reply: We do not have complete knowledge of this request and therefore Deny.

8. I was terminated on June 1, 2009 for making the customers uncomfortable.
   Reply: Deny. Plaintiff was terminated because of numerous customer complaints about Plaintiff's rudeness, abrasiveness, arrogance and his failure to do the job correctly.

9. I have a disability.
   Reply: Deny.

10. This disability makes me tactless.
    Reply: Deny.

11. I told you about this disability on May 26, 2009, as I was filling out my W-4.
    Reply: Deny. Plaintiff was on the job for three days before he told us of his condition, but he said it made him speak harshly to people.

12. You did not ask me for medical records to prove this disability.
    Reply: Admit.

2

13. You did not provide reasonable accommodations.
    Reply: Deny.

14. During the one week I worked at Reliable, I displayed noticeable signs of being nervous, including, but not limited to, apologizing to the point of being annoying for the slightest mistake.
    Reply: Deny.

15. Richardson kept a close watch on me, to see if I would make more mistakes.
    Reply: Admit that Plaintiff was observed in his job as any new employee.

16. On the day of June 1, 2009, I was moved to a new desk in the office.
    Reply: Admit.

17. On the day of June 1, 2009, the phone that I was to use to receive customer complaints was turned to speakerphone, so that Richardson could hear everything that was being said between me and the customers.
    Reply: Deny.

18. When a customer who was not covered under warranty asked me for the price that a technician would charge to look at their air conditioner and give a formal diagnosis, and I, in turn asked Richardson for this information, he growled at me before saying that the price was $89.
    Reply: Deny.

19. Upon calling said customer back, she asked if the company could make it to her house, on that day.
    Reply: Deny.

20. Upon being asked that question, I told her that I could not guarantee if we (the company that I was employed at, at the time) could make it there tomorrow, or August.
    Reply: Plaintiff said something that was not appropriate to the customer or the situation although the exact response is not recalled.

21. Upon hearing me say this, Richardson literally snatched the phone from me.
    Reply: Deny the phone was "snatched" but admit the phone was requested by Randall Richardson.

22. Upon snatching the phone from me, he took the phone to another room,

where I could not hear it.
Reply: Admit.

23. Five minutes after the above event happened, he returned and fired me.
Reply: Admit that this particular incident was the last of many such events that were displayed by Plaintiff as his inability to perform the job for which he was employed.

24. On the date of May 26, 2009, you knew that the Americans with Disabilities Act requires employers to provide reasonable accommodations to disabled employees.
Reply: Deny, as I am not sure exactly what I knew about the Act.

25. You intended to terminate our employment relationship.
Reply: Admit.

26. As a business, most of your revenue comes from contracts that you have with various companies around Branson, whereby they agree to pay you a flat amount each month, in exchange for unlimited service.
Reply: Deny.

27. Your business customers are paying for these contracts, whether they use them or not.
Reply: Deny.

28. If I am being tactless to a customer, it would take no more than ten seconds to tell said customer "Sorry about David; he has a disability that makes him tactless." You can test this one by timing it with a stopwatch.
Reply: Deny.

29. In the event that I can prove that I was discriminated, the calculation of my damages is accurate (remember, admitting this fact will do you no harm if I cannot prove any of the torts listed in my complaint).
Reply: Deny.

*/s/ Randall Richardson*
Randall Richardson

Reliable Heat & Air LLC

4

_____
by: Randall Richardson  Member

## VERIFICATION

STATE OF MISSOURI         )
                          ) ss
COUNTY OF TANEY           )

On this __10TH__ day of December 2010 Randall Richardson personally and as Member of Reliable Heat & Air LLC, defendants herein, being duly sworn, upon his oath states that the facts and matters contained in the above reply to request for admissions are true and correct according to his best knowledge and belief.

_____
Kiwi Cone  Notary

KIWI K. CONE
My Commission Expires
June 25, 2013
Stone County
Commission #09828728

_____
Gary W. Allman
Missouri Bar No. 19921
P.O. Box 5049
Branson, Missouri 65615
Phone: (417) 332-2800
Fax No: (417) 332-1008
ATTORNEY FOR DEFENDANTS

5

# AFFIDAVIT

STATE OF MISSOURI       )
                        ) ss.
COUNTY OF TANEY         )

RANDALL RICHARDSON, first being duly sworn, on his oath states:

(1) That I am the individual named defendant in the case of Stebbins v. Reliable Heat & Air, LLC, et al, and the managing member of Reliable Heat & Air, LLC.

(2) That in May or June of 2009 David Stebbins was employed by Reliable and given the position of answering the business phone, keeping written notes of calls and communicating with customers and dispatching crews to jobs.

(3) The business of Reliable is the installing or heating and air conditioning equipment and materials, repair, and maintenance of existing equipment and servicing similar equipment of customers.

(4) During his employment with Reliable David Stebbins did not properly handle customers phone calls and Reliable got several complaints from customers that Mr. Stebbins was rude, abrasive and arrogant with his dealing with customers. I personally witnessed one phone call where Mr. Stebbins informed a lady customer that he didn't know when we could get a crew to come to her house and maybe it would be August. I was required to take the phone call, apologized to the customer and otherwise deal with her problem.

(5) Mr. Stebbins made no effort to correct his phone etiquette and informed me that, that was just the way he was and customers would have to get use to it.

(6) Mr. Stebbins was relieved of his employment because of his failure to properly and adequately performs his job.

(7) Mr. Stebbins was not terminated because of his alleged Asperger's condition. I was not informed of Mr. Stebbins' Asperger's condition until the last day of his employment, to the best of my memory. He told me his

EXHIBIT 2

condition caused him to be "harsh" with people, and that was just the way he was.

(8) I was unaware of what Asperger's syndrome was but I do not think it is a disability but more like a personality type.

(9) Reliable's business is based on customer service and repeat business. As with all service business's it is important to maintain good customer relations and Mr. Stebbins could not deal well with customers and that was becoming detrimental to our business.

(10) After Mr. Stebbins' termination I offered to hire him for another position with our company working on our computer design equipment or warehouse maintenance.

_Randall Richardson_
Randall Richardson


Subscribed and sworn to before me by Randall Richardson, who personally appeared before me and is known to me to be the person described in and who executed the foregoing affidavit, and acknowledged that he executed the same as his free act and deed.

    In Witness Whereof, I have hereunto set my hand and affixed my official seal at my office in Hollister, Missouri this day 7th of January 2011.

KIWI K. CONE
My Commission Expires
June 25, 2013
Stone County
Commission #09828728

_Notary Public_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., And | ) ) ) |
| RANDALL RICHARDSON, et al. | ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of:

    Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment.

Was served upon:

David Stebbins
1407 N Spring Rd. Apt #5
Harrison, AR 72601
Email: stebbinsd@yahoo.com


    ( ) by delivering a copy to him;
    ( ) by leaving a copy at his office with his clerk;
    ( ) by leaving a copy at his office with an attorney associated with him;
    ( x) by mailing a copy to him, as prescribed by law;
    ( x ) by transmitting a copy to them by email transmission at stebbinsd@yahoo.com on the 7th day of January 2011.

_(signature)_

Gary W. Allman Bar #19921
P.O. Box 5049
Branson, Mo 65615
Phone: (417) 332-2800
Fax:     (417) 332-1008
garywallman@gmail.com
Attorney for: Defendants