IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S SUGGESTION IN SUPPORT OF**

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Plaintiff David Stebbins, who respectfully submits the following suggestion in support of his motion.

Defendants object to the motion for summary judgment on the following grounds:

- It is premature, filed before discovery is complete

- It is unsupported by uncontroversial facts

- I do not request any specific remedy

- I am unclear in my motion

- Defendant denies that I am disabled.

- I was terminated for not doing the job correctly, not because of my disability.

- The four remaining questions of material fact are not yet answered.

- My contemplation of suicide is irrelevant in this case.

I now respond to each issue, separately.

1. Defendants argue that the motion is premature, and elaborate by saying that it is filed before discovery is complete. This is moot. Discovery may not be complete, yet, but these facts are still established. Therefore, summary judgment on these issues is appropriate.

2. I explicitly deny that the motion is unsupported by uncontroversial facts. Rather, they are clearly supported by facts that were included in the Defendants' Response to the Plaintiff's First Request for Admissions. These facts were not present in the actual motion itself, but were present in the brief. Stating that I did not support my motion with uncontroversial facts leads me to wonder if the motion and brief, together, were even thoroughly read.

3. I clearly requested a very specific and narrowly-defined remedy: I requested that the court declare the following issues as established: A) I am disabled with Asperger Syndrome and B) I was terminated for a reason that likely would not have been present, but for the disability. That is a very clear and specific request.

4. Just as I was clear and specific in what I requested, I was also clear and specific in how I supported this motion. Claiming otherwise makes me wonder if the defendants even took the time to read the motion and brief.

5. I am aware that the defendants deny that I am disabled. However, they merely denied a conclusive statement. They admitted to specific facts that, ultimately, prove that conclusive statement. Details are in the brief I submitted in my original motion. Let me put it this way: Pretend, for a minute, that it is disputed that I was an employee, but, rather, an independent contractor. The defendants deny that I am an independent contract, but admit that A) I worked as a customer service representative, B) they

provided the office, phone, and papers with which to do the work, and C) the defendants had the right to dictate the time, place, and manner of the work performed.  Despite denying that I was an employee, the court would look at those other three facts, compare them to the definition of a "common-law employee," and, ultimately, declare that the Plaintiff was an employee.  This is the same thing.  He denied the conclusive statement that I am disabled, but he still admitted to A) being informed of my disability, and B) believing me when I told him about my disability.  Therefore, I meet the third and final definition of disability:  I was *regarded* as having a disability.

6. Regarding the reason I was terminated from my job, the defendants are arguing a straw man.  I am aware that I was unable to do certain elements of the job correctly (I dispute that being polite is, per se, an *essential* function of the job, but it is definitely a particular element).  What the defendants do not seem to get is that I would have been able to do the job, if I had an accommodation in place.  The ADA states that I am otherwise qualified if I am a person "who, with or without reasonable accommodations, is capable of performing the essential functions of the job."  This means that, if a reasonable accommodation can allow me to do the job, then they cannot fire me because I can't do the job *without* a reasonable accommodation.  This accommodation could have been something as simple as informing the customers of the nature of my disability, so that they will be less offended, or even an offer of job reassignment.  However, despite the defendants' claims that they offered the latter, they are lying, and I intend to prove it.

7. Lastly, the defendants are, once again, arguing a straw man, by saying that the other four questions of material dispute are still controversial in this case.  I could not agree more.  In fact, that is the reason I made those four paragraphs.  It serves as a checklist.  "Ok,

we've got these two issues out of the way; now, we've just these four issues left."
Apparently, the reading comprehension of the defendants and the defense attorney is below fifth grade level. I do not see how that is even the least bit unclear.

8. My contemplation of suicide is entirely relevant in this case. In fact, it is that event that gives rise to my claim of negligent infliction of emotional distress!

Simply put, the defendants' arguments are based on straw men and laziness, due to their failure to even *read* the motion and brief submitted. If they actually made some attempt to read, and comprehend, the material, they would realize how absurd their suggestion in opposition is.

Before I sign off, I wish to elaborate on something that I only hinted at in an above paragraph: I deny that tactfulness is an *essential* function of a job as a customer support representative. I do not deny that, at least in most companies, it is an *important* function, but I deny that it is an essential one.

Allow me to give you an analogy, to help with this disagreement: When someone challenges the constitutionality of a law, one of the first questions a court must ask itself is "What level of judicial review should I use? Should I use rational basis review, intermediate scrutiny, or strict scrutiny?" To pass strict scrutiny, the government must be compelling. To pass intermediate scrutiny, the government interest need only be important.

"Essential" and "compelling" are both very similar terms. In fact, according to the website www.thesaurus.com, their definitions are very very similar! I look up the adjective "essential," and I find such synonyms as "necessary" and "required." Under the verb "compel," as in a compelling government interest, I find such adjectives as "necessitate" and "oblige." Oblige, as in, to make obligatory. Therefore, we may conclude that "essential" and "compelling" are, for the most part, one in the same.

If "essential" means that the job function is "necessary" or "required," we must ask ourselves: Is it *possible* for a customer service representative to be tactless, and still actually get the job done? Is it even so much as possible?

Even if you answer no the that question, that still begs the question, is it *possible* to do the job with a reasonable accommodation in place? If it is, then I am still "otherwise qualified." At that point, he must provide reasonable accommodations, and, only if those fail, is he excused from liability. He did not provide reasonable accommodations. In fact, he did not even try to. The defendants claim that they offered me a job reassignment as a reasonable accommodation, that is a bald faced lie.

With that, I sign out. Wherefore, I respectfully pray that you disregard the defendants' suggestion in opposition of his motion, and grant the summary judgment on the two issues that I have requested summary judgment on.

David Stebbins<br>
1407 N Spring Rd, APT #5<br>
Harrison, AR 72601<br>
Phone: 870 – 204 – 6024<br>
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of
    Plaintiff's Suggestion in Support of Plaintiff's Motion for Summary Judgment
was served on

Gary W. Allman
Missouri Bar #19921
P.O. Box 5049
Branson, MO 65615
Phone: 417 – 332 – 2800
Fax:  417 – 332 – 1008
garywallman@gmail.com
Attorney for:  Defendants

by transmitting a copy via email transmission to garywallman@gmail.com, on the 7th day of January, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone:  870 – 204 – 6024
stebbinsd@yahoo.com