IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR TELEPHONE CONFERENCE

Comes now Plaintiff David Stebbins, who respectfully submits the following motion for a telephone conference to resolve a discovery issue.

I hereby declare the following facts:

1. On December 16, 2010, I served the defendants with my first interrogatories.

2. The third question I asked of them was "You denied that my calculation of damages is accurate. Please articulate, in exquisite detail, the errors you find in my calculations.

3. On the date of January 5, 2011, the defendants responded to my interrogatories, by claiming the following:

"Object to this question on the grounds that it is overly broad, burdensome, vague and oppressive and further it requests the legal theories and conclusions of party's counsel which are work product and privileged. Further, this interrogatory is merely an offer to engage in debate concerning the issues of this case and inappropriately raised in interrogatory form."

I deny that this question is broad, burdensome, vague, or oppressive. Furthermore, this question does not request legal theories, but, rather, mathematical calculations. Lastly, the

Federal Rules of Civil Procedure, Rule 33(a)(2) clearly states that an interrogatory may request any information that is otherwise discoverable, rendering their final argument (merely an attempt to engage in debate concerning the issues of this case and inappropriately raised in interrogatory form) is rendered moot by clear, unambiguous rules in the Federal Rules of Civil Procedure.

    I attempted to confer with Gary Allman, attorney for the defendants, in order to get a better answer, but he blew me off, by sending me an email, the next day, condemning the way I talked to his secretary, and refusing to entertain my requests, despite their being **no law** that requires that I be "hospitable" in my communications with the attorney, the defendant, the attorney's secretary, or even the attorney's mother. Even if it were a law, it would have to be weighed against my First Amendment rights.

    I now humbly request a telephone conference with the judge, pursuant to the local rules, to sort this out.

*David Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of
    Plaintiff's Second Motion for Telephone Conference
was served on

Gary Allman
Missouri Bar #19921
P.O. Box 5049
Branson, MO 65615
Phone: 417 – 332 – 2800
Fax: 417 – 332 – 1008
garywallman@gmail.com
Attorney for: Defendants

by transmitting a copy via email transmission to garywallman@gmail.com, on the 8th day of January, 2011.

*David Stebbins*

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com