IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 27), wherein Plaintiff asks for a declaration that he is disabled and that he was terminated "for a reason that would not have been present, but for [his] disability." After careful consideration, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment (Doc. 27). Plaintiff asserts he was perceived as disabled because he "explained [his] disability to the defendants, and they accepted [his] word, without any documentation."

To prove he was perceived as disabled, Plaintiff must show Defendants regarded him as having "a physical, sensory, or mental impairment which materially limits one or more major life activities," which include "caring for one's self, performing manual tasks, walking, seeing, hearing, breathing, learning, and working." *Dovenmuehler*, 509 F.3d at 439 (quoting *Fjellestad v. Pizza Hut of Am., Inc.*, 188 F.3d 944, 948 (8th Cir. 1999)). Courts consider "1) the nature and severity of the impairment, 2) its duration or anticipated duration, and 3) its long-term impact" when determining whether a person is regarded as disabled. *Powers v. Auto Zone, Inc.*, No. 04-3048-RED, 2006 WL 461092, *5 (W.D. Mo. Feb. 23, 2006) (citing 29 C.F.R. § 1630.2(j)(2)(i)-(iii)). Plaintiff must show he was regarded as suffering a "significant reduction in meaningful employment opportunities" as

a result of his impairment. *See Id.* (citing *Webb v. Garelick Mfg. Co.*, 94 F.3d 484, 488 (8th Cir. 1996)). The only evidence Plaintiff points to in support of his "perceived disability" is that Defendants admitted they did not ask Plaintiff for medical records showing his alleged disability. While this shows that Defendants may have taken Plaintiff's word that he suffered from some condition, it does not show Defendants perceived Plaintiff's condition as causing a significant reduction in meaningful employment opportunities. It also does not show Defendants thought Plaintiff's condition materially limited some major life activity. Accordingly, the Court denies summary judgment on the issue of disability.

Plaintiff next asks the Court to grant him summary judgment on the issue of whether he was terminated due to his disability. As discussed above, Plaintiff has offered insufficient evidence that he was regarded as disabled. As such, it would not be proper to declare that he was terminated as a result of his alleged "disability."

**IT IS SO ORDERED.**

DATED: January 12, 2011         */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT

2

Case 6:10-cv-03305-RED    Document 38    Filed 01/12/11    Page 2 of 2