**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 10-3305-CV-S-RED** |
| | ) |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| And | ) |
| | ) |
| **RANDAL RICHARDSON, et al.** | ) |
| | ) |
| **Defendants.** | ) |

**MOTION FOR RECONSIDERATION OF ORDER**

Comes now Plaintiff David Stebbins, who respectfully requests that the court reconsider

its previous order denying my motion for partial summary judgment.

The court considered a number of precedent-setting cases when justifying its decision,

but it has neglected to consider one crucial law:  The ADA Amendments Act of 2008.

The court cites such cases sas *Fjellestad v. Pizza Hut of Am., Inc.*, which was published in

1999, but that was nine years before the ADA Amendments Act.

The court must realize that the ADA Amendments Act was passed explicitly with the

purpose of overriding erroneous court rulings such as these, which make it much harder for

disabled plaintiffs to prove that there are disabled.  The court must also realize that the ADA

Amendments Act takes precedent *over* any other precedent-setting cases.

To that end, the ADA Amendments Act explicitly requires that, when determining

whether a plaintiff was regarded as being disabled, said definition must be interpreted as broadly

as possible.

Wherefore, I respectfully ask that you reconsider your order denying my motion for

partial summary judgment, and declare that I meet the element of being disabled.

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 10-3305-CV-S-RED** |
| | ) |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| **And** | ) |
| | ) |
| **RANDAL RICHARDSON, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## BRIEF IN SUPPORT OF MOTION

Comes now Plaintiff David Stebbins, who respectfully submits the following brief in support of his motion for reconsideration.

The court, in its order, never made even so much as an *attempt* to address the language of the ADA Amendments Act, despite the fact that I mentioned, and even emphasized, it in my brief.

Just to reiterate, here is the language of the current version of the Americans with Disabilities Act, as amended in 2008. I pulled this language, not from some fly-by-night Wikipedia page, but from the website of www.ada.gov.

Title 42, Section 12102, Paragraph 4 (of the United States Code, I am assuming), explicitly states the following:

"The definition of "disability"i n paragraph (1) shall be construed in accordance with the following: (A) The definition of disability in this chapter shall be construed in favor of **broad coverage** of individuals under this chapter, to the maximum extent permitted by the terms of this chapter."
Furthermore, paragraph 3 of that same section states the following:

"For purposes of paragraph (1)(C): (A) An individual meets the requirement of

"being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual **or perceived** physical or mental impairment **whether or not the impairment limits or is perceived to limit a major life activity**."

Simply put, the case of *Fjellestad* has no meaning, when it conflicts with the ADA Amendments Act.

The judicial branch is not totally independent of the legislative and executive branches of government. Granted, they are largely independent, but that is more to keep them from being influenced by the tyranny of the majority, rather than to give them free reign to do whatever they want. Courts must adhere to unambiguous statute. In fact, when an unambiguous statute conflicts with an unambiguous precedent-setting case, the precedent-setting case is worth less than the paper it is written on, up to the point that it conflicts with the unambiguous statute.

This is necessary. If a court is allowed to disregard unambiguous statute, the system of checks and balances that our founding fathers, in their infinite wisdom, deliberately put in place, to keep any one branch from having too much power. The court must respect its own statutorily-imposed limits, otherwise it will become drunk with power.

The statute is unambiguous in this case. As a direct result, it must be considered. Why the court never even mentioned the ADA Amendments Act in its decision, despite the fact that I clearly listed it as a key factor in my motion, is beyond me. In any event, it must be considered.

It is so humbly requested, on this 12th day of January, 2011.

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 10-3305-CV-S-RED** |
| | ) |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| And | ) |
| | ) |
| **RANDAL RICHARDSON, et al.** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST**

**REQUEST FOR PRODUCTION**

      Comes now Plaintiff David Stebbins, who hereby serves the defendants with his response to their request for production.

1. Copies of your federal tax returns for the fiscal years of 2006, 2007, 2008, 2009, and 2010.

Answer: I object to this question on the grounds that my federal income tax returns are confidential and are, therefore, legally privileged. In any event, I don't have them. The years of 2006 and 2007 were the only years where I filled out my own federal income tax returns, and I have long since discarded them. For the years of 2008 through 2010, my parents did my taxes for me, claiming me as their dependent, and combining my tax filings with their own.

2. All documents identified in your answers to Defendants' Interrogatories to Plaintiff.

Answer: Since only one interrogatory (the sixteenth interrogatory) was answered, rather than objected to, and that interrogatory did not require any documentation, then this interrogatory is not applicable.

3. A copy of your resume submitted to Defendants or to any employment service agency prior to June 1, 2007.

Answer: No resumes were submitted to any employment agency prior to June 1, 2007, which leaves only the resume submitted to the Defendants. I object to that, on the grounds that the Defendant already possesses this document, and, in any event, I no longer have a copy of it.

4. All documents which support the special damages and lost earnings which you claim in this action.

Answer: I object to this request on the grounds that it is vague and burdensome. It is unclear, specifically, what documents you are requesting of me. If you are simply requesting any document that could potentially fall into this category, that is overly burdensome. I will cooperate with a request for production if you state with detail the documents you requested, provided that the information you requested is otherwise discoverable.

5. All documents that contain information about, refer or relate to your hiring or termination of employment with Reliable Heat & Air, LLC.

Answer: Again with the "all documents" bullcrap. This is unduly oppressive. Am I supposed to just do a keyword search all over my hard drive and print out everything that I get? What about all those threads that I created on legal message boards to help me do this pro se? I will produce documents that are otherwise discoverable if, and only if, you are clear and unambiguous in what documents you want, and that these documents are narrowly defined. State specifically, *exactly* what documents you want from me.

6. All medical records, reports or information related to your "Asperger Syndrome" as alleged in your complaint.

Answer: I object to this question on the grounds that it has already been provided when I served

the defense attorney with my 26(a) initial disclosures.

7. All documents attached to plaintiff's complaint because the copies received by
Defendants were not clearly photocopied and were not legible.

Answer:  I object to this request because it is vague and burdensome.  What, exactly, was not

"clearly photocopied?"  Why can't the court clerk provide a clearer copy at the defendant's

request?  If I could see a good rendition of the documents that the Defendant received along with

my complaint, I may be able to realize where the Defendants are coming from and clear up the

confusion.  As it stands, however, I am the one who is confused as to what the defendants want.

That is my response to the Defendants' First Request for Production.

David S Stebbins

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 10-3305-CV-S-RED** |
| | ) |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| **And** | ) |
| | ) |
| **RANDAL RICHARDSON, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of
      Plaintiff's Motion for Reconsideration of Order
was served on

Gary Allman
Missouri Bar #19921
P.O. Box 5049
Branson, MO 65615
Phone: 417 – 332 – 2800
Fax:  417 – 332 – 1008
garywallman@gmail.com
Attorney for:  Defendants

by transmitting a copy via email transmission to garywallman@gmail.com, on the 12th day of
January, 2011.

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com