IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration of Order (Doc. 39). After careful consideration, the Court **GRANTS** the Motion to the extent it asks the Court to reconsider its Order of January 12, 2011. The Court made a clear mistake in not applying the 2008 Amendments to the Americans with Disabilities Act (the "ADA"), considering the alleged discrimination occurred in 2009, after the amendments went into effect. Accordingly, this Court's Order of January 12, 2011 is **VACATED** (Doc. 38).

Even considering the current law, Plaintiff is not entitled to partial summary judgment. In his original motion (Doc. 27), Plaintiff asked for a declaration that he was disabled and that he was terminated "for a reason that would not have been present, but for [his] disability." 42 U.S.C. § 12102(1) defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." Paragraph 3, titled "Regarded as having such an impairment," provides, "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental

impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3). Applying subsection (3) to this case, Plaintiff must show he was terminated because of an actual or perceived physical or mental impairment.

Plaintiff argues he is entitled to summary judgment based on 1) Defendants' statement "Plaintiff was terminated because of numerous customer complaints about Plaintiff's rudeness, abrasiveness, arrogance and his failure to do the job correctly," 2) Defendants' admission that they did not ask Plaintiff for medical records to prove his alleged disability, and 3) Defendants' statement that "Plaintiff was on the job for three days before he told us of his condition, but he said it made him speak harshly to people." Despite Defendants' statements and admission, Plaintiff has not shown Defendants perceived him as having a physical or mental impairment. Simply put, evidence showing a person is perceived as speaking harshly to others, and being abrasive, arrogant, and rude, does not establish that the person is perceived as suffering from a physical or mental impairment. Abrasiveness, arrogance, rudeness, and harshness are characteristics of a person, not impairments. Accordingly, the Court denies summary judgment on the issue of disability.

Plaintiff next asks for summary judgment on the issue of whether he was terminated due to his disability. As discussed above, Plaintiff has offered insufficient evidence showing he was perceived as having a disability. Therefore, it would not be proper to declare that he was terminated as a result of his alleged disability. After careful consideration, Plaintiff's Motion for Partial Summary Judgment remains **DENIED**.

**IT IS SO ORDERED.**

DATED:     January 21, 2011        */s/ Richard E. Dorr*
                                    RICHARD E. DORR, JUDGE
                                    UNITED STATES DISTRICT COURT

2