IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| RANDAL RICHARDSON, et al. | ) |
| Defendants. | ) |

## MOTION SECOND FOR RECONSIDERATION OF ORDER

Comes now Plaintiff David Stebbins, who respectfully requests that the court reconsider its previous order denying my motion for partial summary judgment.

After considering the 2008 Amendments to the Americans with Disabilities Act (or, at least, the court claimed that he did; the end result seems to suggest otherwise), the court still erred in failing to find that the law should recognize a perception of disability. The defendants' perception of my disability comes, not from him admitting it, point blank, but from the common law doctrine of *qui tacet consentire videtur*. Since he never requested any documentation to prove my disability, it is assumed, under common law, that he accepted and believed me when I said that I was disabled. Therefore, he *perceived* me, accordingly.

Also, please remember to consider the broad coverage that is required by the 2008 Amendments. Broad coverage, combined with the doctrine of qui tacet consertire videtur, collectively, is sufficient to establish that I am disabled. More details can be found in the enclosed brief.

Wherefore, I respectfully pray that you reconsider my motion for partial summary

judgment, and, finally, grant that motion.

It is so humbly requested, on this 21st day of January, 2011.

David Stebbins  
1407 N Spring Rd, APT #5  
Harrison, AR 72601  
Phone: 870-204-6024  
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| And | ) |
| | ) |
| **RANDAL RICHARDSON, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## BRIEF IN SUPPORT OF MOTION

Comes now Plaintiff David Stebbins, who respectfully submits the following brief in support of his motion for reconsideration.

The court, this time, erred in feeling that I have yet to prove that the defendants perceived me as disabled. However, despite any belief that I have yet to prove that, I have still proven that I was perceived as disabled, up to the point that the reasonable person would be able to decypher, without being able to read minds.

I cannot read Richardson's mind. I have no idea exactly what he is thinking, at the time that he is thinking it. Instead, I must take an "actions speak louder than words" approach to make an attempt to understand what he is thinking.

This is similar to the "meeting of the minds" concept in contract law. Since it is impossible for people to truly know what each party in a contract does, and does not, understand about the terms, a *true* meeting of the minds is not needed. Instead, if the parties' actions signified a mutual understanding of the terms, and the terms, themselves, are unambiguous, that is sufficient for the court to enforce the contract (or, at least, the court must find some other

reason with which to invalidate the contract).  This is why, at least in Arkansas (I don't know about Missouri), the "meeting of the minds" issue is established, not by each parties actual subjective understanding of the terms, but on "objective indicators of assent."  This was passed in the 1995 Arkansas Supreme Court case of Thurman v. Thurman.

Likewise, allow me to reiterate the facts:

1. Defendant admitted to being informed of my Asperger Syndrome.
2. Defendant admitted to not requesting medical documentation for my Asperger Syndrome.
3. Defendant admitted to firing me for behavioral issues that directly stem from my Asperger Syndrome.

He was told about it, but did not request that I prove it.  That is *his* fault for not requesting documentation when he had the opportunity to.  In short, his actions signified that he believed me and accepted that I was disabled.  This is where the doctrine of "*qui tacet consentire videtur*" kicks in.  "He who is silent is taken to agree."

As you surely know, this doctrine means that a person's failure to protest a certain event is legally construed as his acceptance and agreement with that event.  For example, if I walk into a store, and there is a security camera, in plain view, and, despite the obvious presence of the camera, I continue into the store to shop, the law declares that I am consenting to being monitored.

So, upon being informed of my disability, and not requesting medical documentation to prove that I have this disability, the defendants meet the doctrine of *qui tacet consentire videtur*, and, therefore, perceives me as disabled, therefore causing me to meet the third definition of a "disability" under the Americans with Disabilities Act, as amended.

It would be unfair if you ruled against me, despite this.  Think about it:  Is it my fault that

he never asked me for proof of my disability?  Is it my fault that he acted as if he believed me, but didn't actually believe me?  I cannot read minds, and my Asperger Syndrome merely exasperates that issue.  How am I supposed to figure out that he doesn't think that I am truly disabled?  I can only go off what he does, not what he thinks.

I now would like to draw your attention back to the ADA Amendments Act.  The "broad coverage" spoken of in 42 U.S.C. 12102(4)(A), combined with his failure to protest my disability until being served with the lawsuit, should be sufficient to establish that I was *perceived as being* disabled.

Thank you, and please update my case, promptly.

David Stebbins<br>
1407 N Spring Rd, APT #5<br>
Harrison, AR 72601<br>
Phone: 870-204-6024<br>
stebbinsd@yahoo.com