IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## RULES OF JURY TRIAL

1. The Court will conduct an initial voir dire to elicit general information and propound questions from the parties' proposed voir dire. At the conclusion of the Court's questioning, counsel may be afforded additional time to pose follow-up or clarifying questions to the panel.

2. Opening statements will be limited to thirty (30) minutes for each side.

3. No visual aid or exhibit shall be used during an opening statement unless opposing counsel has been shown the visual aid or exhibit and has agreed that the item may be used during the opening statement.

4. The interrogation of each witness shall consist of: (1) direct examination; (2) cross-examination; and (3) redirect examination. No further questioning will be permitted except by leave of Court in extraordinary circumstances.

5. Only one (1) counsel per party may examine a witness.

6. Counsel may approach the witness for any legitimate purpose without requesting permission to do so. However, witnesses shall be interrogated from a reasonable distance and shall not be badgered.

7.      If a podium is provided, counsel may use it, but are not required to do so. However, counsel will not be allowed to intrude into the jury's space.  Furthermore, no paper, object or hands of counsel shall be placed on the railing in front of the jury box.

8.      Except in unusual circumstances, counsel should stand when addressing the Court or when examining the witness.  *See* Local Rule 83.3(a).

9.      Except in unusual circumstances, a witness should be allowed to complete an answer.  If the question calls for a "yes" or "no" answer, you may anticipate that the witness will be allowed an opportunity to explain that answer.

10.     When making an objection, counsel should say only "objection" plus the legal reason for the objection, e.g., leading, hearsay, etc.  If objecting counsel desires to give reasons for the objection or if an opposing counsel desires to oppose the objection, counsel shall request leave to approach the bench.  Objections to evidence should be made only by counsel handling the witness.  Objections during opening statements or closing arguments should be made only by counsel making opening statements or closing arguments.

11.     Unless permission is granted before the trial begins, a maximum of one (1) expert witness shall be allowed to testify for any party on any one (1) subject.  After counsel questions an expert about his/her qualifications, do not ask the Court to declare the witness an expert.

12.     Visible reactions to the testimony of witnesses, counsels' presentations or to the Court's rulings (such as facial or body gestures), are inappropriate.

13.     Do not converse with your client or co-counsel in a manner that your conversation may be heard by the jury.

14.     Each party shall mark each of their exhibits prior to trial with an exhibit sticker

indicating whether the exhibit is being offered by the plaintiff or the defendant, along with the exhibit number.  The designation for each exhibit shall match the numeric designation for that exhibit on the exhibit list furnished to the clerk prior to trial.

15. Witnesses will remain in the witness chair unless leave of court is granted for a witness to reference an exhibit and then the witness shall return to the witness chair immediately after referencing the exhibit.  Witnesses will not be allowed to testify standing in front of the jury without leave of court to do so.  Leave will only be granted as deemed necessary and appropriate.

16. All exhibits utilized at trial as part of a party's presentation of evidence, regardless of whether admitted or not, must be kept available for use by other parties during the remainder of the trial.

17. No food or drink is allowed in the courtroom except for water.

18. The length of closing arguments will be established during the instruction conference.

19. Instructions will be read to the jury before closing arguments.  The jury will be given a copy of the instructions after closing arguments for use during deliberations.

20. After the jury retires, each side shall assemble their exhibits and keep them available in the courtroom.  Counsel and their clients should remain in the courthouse and advise the Court's staff where they will be located while the jury is deliberating.

21. After the jury returns its verdict, be prepared to tell the Court if you want the jury polled.

22. After the jury is dismissed, each counsel must take possession of his/her exhibits from the courtroom deputy and sign the receipt at the bottom of the exhibit list.

          */s/ Richard E. Dorr*
    RICHARD E. DORR, JUDGE
    UNITED STATES DISTRICT COURT

DATED: February 14, 2011

4