# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| RANDAL RICHARDSON, et al. | ) |
| Defendants. | ) |

## MOTION FOR DEFAULT

Comes now Plaintiff David Stebbins, who respectfully submits the following motion to declare the defendants in default in this action.

The Defendants have, one five separate occasions, been late in filing their responses, as required by law. Of those five occasions, three of them have so far not been returned at all.

The Defendants were two days late in filing their answer to my complaint. This is fine, in and of itself. This happens lots of times, and I accepted that.

However, the defendants were also late in serving me with their response to my first request for production. The excuse I was given was that Gary Allman – the attorney for the Defendants – was out of the country for Christmas. That was no excuse, so, as your records should indicate, I filed a motion for a phone conference to attempt to compel his cooperation, but he served me with his answer before the phone conference could be had, so I withdrew the motion.

Now, they have failed to serve me with their answers to three sets of interrogatories. One of them was due on February 11, 2011; the second one was due on February 27, 2011. So far, as

of the time of this writing, I have not received an answer to either of those at all, let alone on time.

Therefore, they have failed to defend the action brought against them, and, therefore, under Fed. R. Civ. P. Rule 55(a), it is appropriate that the court declares them in default.

Normally, the court would issue an order to compel their cooperation, but I think, after *four* instances, an order to compel cooperation is no longer necessary. Parties in litigation should already have a default legal requirement to cooperate with each other in discovery; an order compelling said cooperation is more akin to a formal warning for a first violation, rather than cooperation finally becoming mandatory; it was already mandatory to begin with.

Wherefore, I respectfully pray that you strike the defendants' answer and declare the defendants to be in default.

David Stebbins<br>
1407 N Spring Rd, APT #5<br>
Harrison, AR 72601<br>
Phone: 870-204-6024<br>
stebbinsd@yahoo.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| And | ) |
| **RANDAL RICHARDSON, et al.** | ) |
| **Defendants.** | ) |

**BRIEF IN SUPPORT OF MOTION FOR DEFAULT**

Comes now Plaintiff David Stebbins, who hereby submits the following brief in support of his motion for default.

1. The defendants were two days late in filing their answer to my complaint. See Document #13.

2. I filed a request for production on November 19, 2010. See Document #18. The answer to the request for production was due on December 19, 2010.

3. On December 21, 2010, I sent Gary Allman and email, directly referencing a message I left on his office's answering machine, and demanding that he and his clients produce the documents I requested. See exhibit A.

4. Later that day, Allman responded, saying that he was out of the country, and that he would respond next week. See Exhibit B.

5. Being out of the country is no excuse for being late in filing required documents. He should have known that he was going to be out of the country; leaving the entire country is not something you do on the spur of the moment. You don't get an urgent call and have

to beeline to the airport to catch the next flight to London; it doesn't work that way. Crossing national borders requires a *lot* of red tape! There are passports, visas, airplane tickets, a variety of other things that must be done *months* in advance. I used to be in college until I was forced to sue the school (Eighth Circuit Court of Appeals: Case #11-1017), and if I know that I am going to be absent, I am expected to complete any homework assignments that will be due in that time frame and turn them in early. I would reasonably expect the same from Allman.

6. Allman promised to respond the following week. I waited until the end of the following week. On the evening of Friday, December 31, 2010, after the work week was complete, he still had not served me with his clients' response. I then filed a motion for a telephone conference. See Document #28.

7. On January 4, 2011, the defense *finally* produced the documents that I requested! However, they were a whopping *sixteen* days late. See Document #30.

8. On January 12, 2011, I filed with the defendants a second set of interrogatories. See Document #41.

9. I had already used three interrogatories, but I have 25 interrogatories in total, so I had 22 left to spare. The second set of interrogatories contained two questions. Therefore, after filing that one, I had 20 interrogatory questions left to spare.

10. The answer to these interrogatories were due on February 11, 2011.

11. When filing my certificate of service with the court, I made a mistake by claiming that it was being filed by Gary Allman, but this is a harmless error and should be disregarded in accordance with Fed. R. Civ. P. Rule 61.

12. To this day, I have not received a response to these two interrogatories.

13. On the date of January 23, 2011, I served the defendants with a third set of interrogatories, this time containing only one question, knocking my remaining questions down to 19.  See Document #44.
14. Their answer to this interrogatory was due on February 22, 2011.
15. As of the time of this writing, I have not received a response to my third interrogatory.
16. On January 27, 2011, I served the defense counsel with a fourth interrogatory, also containing one question, reducing the remaining interrogatories to 18.
17. The defendants' response to this interrogatory was due on February 26, 2011.
18. It is now February 27, 2011, and I still do not have the answer to this interrogatory.
19. Even if the defense counsel serves me with his clients' responses to all three of these interrogatories, later today, they would still be late.
20. Conclusively, this means that the defense has failed to defend their action against me.
21. Default judgment is proper if a defendant in a case fails to defend the action brought against it.  See Fed. R. Civ. P. Rule 55(a).
22. Normally, a court would first issue an order to compel discovery.  However, in this case, it is insufficient.  There is already a default obligation to cooperate in discovery attempts; an order to compel said discovery serves more as a formal warning.  An order to compel discovery should not be regarded as making cooperation mandatory; that would imply that it is not mandatory to begin with, yet it clearly is.  Instead, an order to compel is regarded as a formal warning.  Just like any other violation of law, repeated failures should not be treated with repeated warnings; instead, more serious sanctions should ensue.  Such is the case here.

Wherefore, I respectfully pray that you declare the defense to be in default in this action

and strike their answer.

Furthermore, I respectfully request an in-person hearing with the judge to prove my calculation of damages.

*David S Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS,                          )
                                         )
      Plaintiff,                         )
                                         )
v.                                       ) Case No. 10-3305-CV-S-RED
                                         )
RELIABLE HEAT & AIR, LLC, et al.,        )
    And                                  )
                                         )
RANDAL RICHARDSON, et al.                )
                                         )
Defendants.                              )

### CERTIFICATE OF SERVICE

The undersigned hereby declares that a true and correct copy of
    Plaintiff's Fourth Interrogatories
was served on

Gary W. Allman
Missouri Bar #19921
P.O. Box 5049
Branson, MO 65615
Phone: 417-332-2800
Fax: 417-332-1008
garywallman@gmail.com
Attorney for: Defendants

by transmitting a copy via email transmission to garywallman@gmail.com, on the 27th day of January, 2011.

*David S Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com