IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

**SUGGESTION IN SUPPORT OF MOTION FOR DEFAULT**

Comes now Plaintiff David Stebbins, who respectfully submits the following suggestion in support of my motion to declare the defendants in default.

I figured I should bring to your attention some conduct that the defense has been doing that might also ruffle your feathers. What I am about to accuse the defendants of is not merely failing to respond on time; it is downright unethical, and perhaps even illegal.

First, let me set the background. As you are aware, the defendants have so far filed one request for admissions, one set of interrogatories (containing sixteen questions), and one request for production of documents. These were all sent at one time, on January 5, 2011.

Well, it will shock the conscience of the court when you learn of the nature of the information the defendants actually requested of me.

I hereby enclose the interrogatories I received as Exhibit A in this suggestion, and I enclose the request for production as Exhibit B.

Let us start small. In the defendants' first interrogatories, the eighth question requested medical records for *all* medical purposes, not just those directly related to this case, or related to

my Aspergers diagnosis.

What crackpot, in-bred lawyer doesn't know that medical records are legally privileged from discovery?! Honestly, that might be a little bit excusable if the defendants were pro se litigants, like myself, but he has a lawyer! What lawyer actually thinks that medical records are discoverable?! What law school did Allman go to?!

It is like in a medical malpractice lawsuit, the dentist being sued asks "How was I supposed to know that was the wrong tooth to drill?" You're a *dentist*; that's how!

Of course, that can be glossed over with a simple objection. That is nothing compared to what I've got in store for you next.

More than half of the interrogatories were aimed at completely irrelevant matters. Of course, that, in and of itself, is not a sanctionable offense. However, as you can see from Exhibit A, the defense actually had the audacity to ask me for...

1. My name (what, he doesn't know my name by now?)
2. My address
3. My date of birth (what the heck does that have to do with anything?)
4. My social security number (yes, that is not mistyped; he asked me for my *social security number*)
5. My residence history for the past five years (the past two years is almost acceptable, since that dates all the way back to the date in which the employment began, but this is asking me to go back *five* years).
6. My social security number
7. My employment history, again, for the past five years, as opposed to the past two.
8. My income for the past five (not two, but five) years.

**9.** Did I forget to mention that he also wants to know my social security number?

I can not, for the life of me, fathom any far-fetched scenario in which 90% of this information will become pertinent to the case at hand, or even lead to information pertinent to the case at hand. However, I can think of another scenario where all of this information may become pertinent, and, to that end, the information requested of me is pretty much a who's who of information you would need in this scenario.

A credit background check.

Yes, you read it right: That son of a bitch is trying to steal my identity! I apologize for the language, but there is no other way to describe his conduct.

The information he asked of me was essentially a checklist of all information that you would need when taking out a loan on my behalf.

In further support of this accusation, look at the defendants' request for production, in Exhibit B. He asked me for... my tax returns. The only time when such information could possibly become pertinent is if he was trying to learn of my income for the past two (not five, but two) years, because, if I make money during that time frame, the defendants are entitled to subtract it from their liability, dollar for dollar. However, my answer to Interrogatory #9 was sufficient to give them that information. Why do they need something as private and confidential as my tax returns?!

Tell me: Is the court amused by the defendants' shenanigans? I know I certainly am not. Furthermore, I have about had it up to here with their repeated failures to timely respond to my discovery requests! Attempting to steal my identity is a jailable offense in and of itself, but when you follow up by not responding to the plaintiff's discovery requests in the time allotted, there is no excuse for that!

Wherefore, I respectfully pray that you dismiss the party, strike their answer, declare the defendants in default, and schedule a meeting between me and the judge (without the defense there, since they are in default) to prove my damages.

It is so humbly requested, on this 27th day of February, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS,                               )
                                              )
      Plaintiff,                             )
                                              )
v.                                            ) Case No. 10-3305-CV-S-RED
                                              )
RELIABLE HEAT & AIR, LLC, et al.,             )
    And                                       )
                                              )
RANDAL RICHARDSON, et al.                     )
                                              )
Defendants.                                   )

## CERTIFICATE OF SERVICE

The undersigned hereby declares that a true and correct copy of
    Plaintiff's suggestion in support of motion for default
was served on

Gary W. Allman
Missouri Bar #19921
P.O. Box 5049
Branson, MO 65615
Phone:  417-332-2800
Fax:  417-332-1008
garywallman@gmail.com
Attorney for:  Defendants

by transmitting a copy via email transmission to garywallman@gmail.com, on the 27th day of February, 2011.

*David S Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com