IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS )
)
    Plaintiff. )
)
v. )Case No. 10-3305-CV-S-RED
)
RELIABLE HEAT & AIR, LLC )
    and )
)
RANDALL RICHARDSON )
)
Defendants. )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S

## SECOND AND THIRD INTERROGATORIES

Come now Defendants Reliable Heat & Air, LLC and Randall Richardson, and respond to Plaintiff's Second and Third Interrogatories, as follows:

4. Defendant claimed, in a previous interrogatory, that he offered the Plaintiff a job reassignment as a reasonable accommodation. Please elaborate. Please state the exact date time, place, and nature of the job reassignment offer. Please include, in your answer, such details as…what was the exact nature of the job position you offered me? What were the events that led up to this conversation? What people can testify as witnesses to this conversation? Also, please include any details you can think of. Go ahead and go "overboard" with the details. The more, the merrier. However, don't blatantly lie; I will still request documentation if I am suspicious about your answer.

Response: Defendant objects to this interrogatory for the reason it is several interrogatories included under one heading, and is argumentative. Having objected Defendant will endeavor to answer this interrogatory. Defendant offered to employ Plaintiff in two alternate positions. One being, working in the shop with the computer and one being, doing maintenance in the shop. The exact time of this offer is unknown but it was made during the mediation of your claim against Defendant. Some of the events that led to this offer were your termination of employment and your filing a legal objection to your termination. The witnesses to the conversation were David Stebbins, Randall Richardson and the mediator whose name I have forgotten.

    5.    You mentioned that you offered me a job reassignment as a reasonable accommodation. Please articulate any other accommodations you provided or offered. Please state them *all;* speak now, or forever hold your peace.

Response: Defendant has previously provided answers to this same question, specifically in Response 4 above.

    6.    You denied that I was disabled, yet you still claim that you provided reasonable accommodation. Please state, in detail, what you were actually attempting to accommodate. If you did not perceive me as disabled, then what were the accommodations there for? Also, why give them to me, and only me, instead of applying them to everyone (deep in mind, an "accommodation," in the context of ADA law, means a special thing that you don't give to everybody. If everybody got big text lettering, just so that you won't have to do anything more for the vision impaired, that's not an *accommodation.* The same applies to using cell phone text messaging for communications, in the even that you just happen to end up hiring a deaf

person. Since it applies to *everyone,* it is not an accommodation).

Response: Defendants objects to this interrogatory for reason that it calls for a legal conclusion that Defendant cannot give. Secondly, it is argumentative. Having objected Defendant will attempt to respond. Defendant does not believe you are disabled within the since of the ADA law. You were hired to do a certain job and when it became obvious that you did not or would not properly meet the requirements of that particular job you were terminated. You raised objection to your termination and Defendants offered to hire you for a position it was believed you could properly handle. Defendants sought to accommodate or work with you to keep you employed with Defendants.

As additional answer to this interrogatory find attached the Affidavit of Randall Richardson previously filed with the Court in Defendants' response to Motion for Summary Judgment.

Gary W. Allman
Missouri Bar No. 19921
P.O. Box 5049
Branson, Missouri 65615
Phone: (417) 332-2800
Fax No: (417) 332-1008
ATTORNEY FOR DEFENDANTS

# AFFIDAVIT

STATE OF MISSOURI ) 
                                     ) ss.  
COUNTY OF TANEY )

RANDALL RICHARDSON, first being duly sworn, on his oath states:

(1) That I am the individual named defendant in the case of Stebbins v. Reliable Heat & Air, LLC, et al, and the managing member of Reliable Heat & Air, LLC.

(2) That in May or June of 2009 David Stebbins was employed by Reliable and given the position of answering the business phone, keeping written notes of calls and communicating with customers and dispatching crews to jobs.

(3) The business of Reliable is the installing or heating and air conditioning equipment and materials, repair, and maintenance of existing equipment and servicing similar equipment of customers.

(4) During his employment with Reliable David Stebbins did not properly handle customers phone calls and Reliable got several complaints from customers that Mr. Stebbins was rude, abrasive and arrogant with his dealing with customers. I personally witnessed one phone call where Mr. Stebbins informed a lady customer that he didn't know when we could get a crew to come to her house and maybe it would be August. I was required to take the phone call, apologized to the customer and otherwise deal with her problem.

(5) Mr. Stebbins made no effort to correct his phone etiquette and informed me that, that was just the way he was and customers would have to get use to it.

(6) Mr. Stebbins was relieved of his employment because of his failure to properly and adequately performs his job.

(7) Mr. Stebbins was not terminated because of his alleged Asperger's condition. I was not informed of Mr. Stebbins' Asperger's condition until the last day of his employment, to the best of my memory. He told me his

EXHIBIT 2

condition caused him to be "harsh" with people, and that was just the way he was.

(8) I was unaware of what Asperger's syndrome was but I do not think it is a disability but more like a personality type.

(9) Reliable's business is based on customer service and repeat business. As with all service business's it is important to maintain good customer relations and Mr. Stebbins could not deal well with customers and that was becoming detrimental to our business.

(10) After Mr. Stebbins' termination I offered to hire him for another position with our company working on our computer design equipment or warehouse maintenance.

*Randall Richardson*
Randall Richardson

Subscribed and sworn to before me by Randall Richardson, who personally appeared before me and is known to me to be the person described in and who executed the foregoing affidavit, and acknowledged that he executed the same as his free act and deed.

    In Witness Whereof, I have hereunto set my hand and affixed my official seal at my office in Hollister, Missouri this day 7th of January 2011.

KIWI K. CONE
My Commission Expires
June 25, 2013
Stone County
Commission #09828728

Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-3305-CV-S-RED ) |
| RELIABLE HEAT & AIR, LLC and | ) ) ) |
| RANDALL RICHARDSON. | ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of:

Defendants' Response to Plaintiff's Second and Third Interrogatories.

Was served upon:

David Stebbins
1407 N Spring Rd. Apt #5
Harrison, AR 72601
Email: stebbinsd@yahoo.com

    ( ) by delivering a copy to him;
    ( ) by leaving a copy at his office with his clerk;
    ( ) by leaving a copy at his office with an attorney associated with him;
    ( x ) by mailing a copy to him, as prescribed by law;
    ( x ) by transmitting a copy to them by email transmission at stebbinsd@yahoo.com  on the 1st  day of March 2011.

                                           Gary W. Allman Bar #19921

P.O. Box 5049
Branson, Mo 65615
Phone: (417) 332-2800
Fax: (417) 332-1008
garywallman@gmail.com
Attorney for: Defendants