IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

**OBJECTION TO DEFENSE'S PRESENCE IN TELEPHONE CONFERENCE**

Comes now Plaintiff David Stebbins, who respectfully submits the following objection to the Defense's presence in the upcoming telephone conference to decide the arbitration issue currently before the court.

The Defense has not raised any suggestions in opposition, by the allotted time. The Defense had until April 11, 2011 to file a suggestion in opposition, but they declined to do so. Instead, on the final day to file this suggestion, they opted to make an early response to my sixth request for admissions. See Document #72.

There is nothing the Defense can say at this point. His presence is futile, because, if he raises any arguments at all, it would prejudice me by subjecting me to a trial by ambush.

I cite the Missouri Supreme Court case of *Handcock v. Shook*, which has the case number of SC84509.

> "If letters or other documents are allowed in evidence after a trial starts for the sole reason that they were not obtained sooner by the party offering them, the rules of discovery and court orders pertaining thereto would become empty phrases signifying nothing. Trial by ambush would be reborn. Enforcement of discovery rules and orders is necessary to prevent abuse by future litigants.

*Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir. 1998)."

Similarly, if you force me to listen to his legal arguments, and draft a counter-argument to them on the fly, that would be a fundamental violation of my due process rights. The Defense has had several weeks to look over my legal arguments; I will not have any time at all. This will be trial by ambush at its most blatant. I have the right to at least two weeks to prepare my counter-argument to his counter-argument (see Local Rule 7.0(e)), and I am being deprived of that right.

If the Defense *must* be present, in this telephone conference, I insist that Allman sit back and keep his mouth shut. They had their chance to raise a counter-argument, and they blew it. He should be the one who is SOL for that. These time limits to file are in place for a reason.

Please, do not allow the Defense to subject me to a trial by ambush. It would deprive me of my right to due process.

Wherefore, I respectfully pray that you modify the scheduled telephone conference to be *ex parte*. It is so requested, on this 15th day of April, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

P.S. I will not serve the Defense with a copy of this objection because I am not required to serve copies of these documents with parties who have failed to appear. See Fed. R. Civ. P. Rule 5(a)(2). Besides, he will see it when I file it on ECF, so no harm is truly done in the long run.