IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC | ) |
| And | ) |
| RANDALL RICHARDSON, | ) |
| Defendants. | ) |

## DEFENDANTS' OBJECTION AND OPPOSITION TO PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD AND INCLUDED SUGGESIONS

COME NOW, Defendants and object to and oppose Plaintiff's Motion to confirm arbitration award as follows:

1. There exists no "arbitration award" to be either confirmed or denied. Plaintiff has produced no award of arbitration.

2. Plaintiff alleges he submitted a contract to Defendants wherein it was stated: "We agree to refer all legal disputes . . . to binding arbitration". The proposed contract to Arbitrate further stated that if not accepted within 24 hours, Plaintiff automatically wins by forfeiture. Plaintiff attaches a copy of the "proposed" contract with his motion. A copy thereof is attached to this response marked as Exhibit A.

3. Defendants did not and never intended to enter into an arbitration agreement with Plaintiff.

4. Plaintiff alleges that that Defendants "accepted" the contract offer, and such "acceptance" was exhibited by Defendants' counsel answering the phone when Plaintiff called and agreeing to discuss the case with him. Plaintiff claims Defendants symbolically accepted Plaintiff's contract.

5. Plaintiff outlined, in his proposed agreement, the manner by which Defendants could "accept" the offer. See Exhibit A. The methods by which the offer could be accepted as dictated by Plaintiff are quoted as follows:

"Acceptance method

You accept this contract if you, or your employees and/or affiliates...
 1. Instigate communications with me, in any way, unless you are legally required to communicate with me.
   A) This will also apply if you communicate with me in ways that are expected of you, but not required, such as responding to a request for admissions, and admitting even one fact (because, if the fact is admitted, you can always just let the 30 day time limit expire, and the fact is admitted by default).
 2. Allowing me to communicate with you for any reason that you are not legally required to entertain me on.
   A) This will also apply to allowing me to send emails to you, and not blocking my attempts to communicate, as well as not calling the police if I communicate with you for any reason I am not legally entitled to communicate with you for.
 3. Seeing me on your property and not asking me to leave, immediately."

6. Having initiated this scheme Plaintiff then makes a phone call to Defendants' counsel and when the call is answered, Plaintiff rejoices that his proposed contract is symbolically accepted.

7. There is no agreed to Agreement to Arbitrate. There never was a meeting of the minds between the proposed parties nor was there a valid acceptance of the offer to arbitrate. Ketcherside v. McLane, 118 S.W. 3rd 631 (Mo. App. S. D. 2003). Plaintiff cannot dictate methods of acceptance, methods which are impossible to not perform, and then claim there was a meeting of the minds. Plaintiff here unilaterally made an offer and unilaterally "accepted" the offer for Defendants. Defendants had no intention of accepting Plaintiff's offer, yet Plaintiff concocted a scheme whereby he claims Defendants made a willing, knowing and understanding acceptance of his offer. Plaintiff virtually set fourth as a method of acceptance, by Defendants' counsel arising in the morning. There simply was no way Defendants, their employees and/or affiliates… could not have preformed one or more of the acts dictated by Plaintiff as methods of "acceptance". However, none of those acts would or did reflect mutual assent or agreement to Plaintiff's offer.

8. Although an offeror may state the method in which a contract may be accepted, the offeree must have come control over whether he intends to accept the offer. Here Plaintiff set fourth methods of acceptance that were wholly beyond the control of Defendants, were unreasonable, were devious and improper. This is so in this particular case where Plaintiff is not represented by counsel and Defendants' counsel is required to communicate with Plaintiff directly and where, for the progress of the case, it is necessary that counsel communicate with Plaintiff. Answering a phone call from Plaintiff and offering to communicate with Plaintiff simply does evidence the mutuality of agreement or acceptance of an offer.

9. Plaintiff is in bad faith and abusing the legal system in attempting his scheme, designed to extort money from the Defendants. Plaintiff, although not required to do so, explained the motive or basis for his demands, as clearly set fourth in a letter drafted to Defendants' counsel, marked as Exhibit B and attached hereto. His letter concludes: "I think you and your client need to offer me something huge, in order to get me to drop this motion." Exhibit B.

WHEREFORE, Defendants request Plaintiff's motion to confirm arbitration award be denied.

_____
Gary W. Allman
Missouri Bar No. 19921
P.O. Box 5049
Branson, Missouri 65615
Phone: (417) 332-2800
Fax No: (417) 332-1008
ATTORNEY FOR DEFENDANTS

## Overview

The following is a contract between David A. Stebbins of Harrison, AR (me, myself, I), and Reliable Heat & Air, LLC, and Ranal Richarson (you), collectively known as "the Parties" (we, us). By viewing this contract on Youtube and, subsequently, performing any of the acceptance methods listed below, you hereby agree to be bound by the following terms:

## Arbitration

You hereby agree to settle all legal disputes with me -- even those not related to this contract -- to binding arbitration, using the services of either www.net-arb.com, the American Arbitration Association, or the National Arbitration Forum.

## Forfeit Victory

If you are served with an arbitration invitation, and do not accept this arbitration invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the case. If you receive the arbitration invitation in the mail, you must have your acceptance in the mail by the next business day to avoid this forfeit victory clause. No actual arbitration award needs to be entered; I simply win, automatically, without having to go to arbitration.

## Acceptance method

You accept this contract if you, or your employees and/or affiliates...

1. Instigate communications with me, in any way, unless you are legally required to communicate with me.
   A) This will also apply if you communicate with me in ways that are expected of you, but not required, such as responding to a request for admissions, and admitting even one fact (because, if the fact is admitted, you can always just let the 30 day time limit expire, and the fact is admitted by default).
2. Allowing me to communicate with you for any reason that you are not legally required to entertain me on.
   A) This will also apply to allowing me to send emails to you, and not blocking my attempts to communicate, as well as not calling the police if I communicate with you for any reason I am not legally entitled to communicate with you for.
3. Seeing me on your property and not asking me to leave, immediately.

From: David Stebbins <stebbinsd@yahoo.com>
Subject: **So, now you realize I mean business?**
Date: March 29, 2011 12:49:34 PM CDT
To: garywallman@gmail.com

Dear Mr. Allman,

By now, you should have received, and had ample time to review, my motion to confirm the arbitration award that was obtained via a forfeit victory clause. I trust now you realize I'm not playing games with you. I'd just like to take this opportunity to explain to you *why* I actually did this.

Honestly, I wasn't going to do it, at first. Initially, we were having a nice little case on the merits. No technicalities, just the merits. I liked that. It was definitely a break from the bullcrap I had to deal with down here in Arkansas, with defendants moving to dismiss for failure to state a claim, despite the facts that 1) I clearly stated a claim, 2) they still *knew* what the discrimination was about, and 3) even if they didn't know, couldn't they have filed a motion for a more definite statement, instead? No, moving to dismiss on those grounds was just cheap.

But, you and your clients weren't doing that, were they? No, we were having a nice, smooth discovery on the merits. So, why would I do this to you?

It all started when your client responded to my fourth request for admissions. Your client denied the following facts:

1. It is possible that I told you about my Aspergers, informed you that it was a disability, and you merely forgot it.
2. You provided no other reasonable accommodations.

First of all, how is it PHYSICALLY FUCKING IMPOSSIBLE for him to have forgotten that? Second, if he denies that he provided no other accommodations, then why did he respond with his modified answer, stating that there were no accommodations?!

I don't give a rats ass if the request for admissions is not held under penalty of perjury. I still expect you to tell me the *fucking truth* when you answer them!

That is one reason why I did that. However, there is another reason:

He didn't document his business activities. If he documented them, he would have no excuse for not knowing that I was disabled.

But, he's going to avoid punitive damages because of his failure to document? Because he didn't document it, I can't prove that the conversation took place, where he was informed of my disability! No, fucking no, I'm not letting him get away like that. Why should he be rewarded with fewer damages, because of his *failure* to document his business activities? He's basically getting rewarded for doing bad, and I'm not going to take that sitting down. His failure to document his business activities should, if anything, *increase* the damages that he should be awarded, which is why I bumped the damages up to $500,000.

Your client made the biggest mistake of his life, choosing me to mess with. When I ask you a question, I expect

Exhibit B

you to answer it, and I expect you to tell the fucking truth, or else, *this* happens.

I hope I have sufficiently explained to you that I mean business, now. I think you and your client need to offer me something huge, in order to get me to drop this motion.

Sincerely,
David Stebbins