IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC | ) ) ) |
| And | ) ) |
| RANDALL RICHARDSON, | ) ) ) |
| Defendants. | ) |

## MOTION TO CALL FOR HEARING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' FIRST INTERROGATORIES

COME NOW Defendants and requests the Court to hear and determine Plaintiff's objections to Defendants' First Interrogatories.

1. On the 9th day of January 2011 Defendants directed to Plaintiff, Defendants' First Interrogatories numbered 1 through 16.

2. Thereafter, on January 9th, 2011, Plaintiff entered an objection to Interrogatories 1 through 8 and 10 through 16, and responding to Interrogatory number 9.

3. A copy of Defendants' First Interrogatories and Plaintiff's response and objection is marked at Exhibit A, attached hereto and made a part hereof.

4. That Plaintiff's objections to those certain interrogatories are without legal or proper basis and are improper.

5. Plaintiff's objections should be overruled and Plaintiff directed to properly respond to Defendants' First Interrogatories.

WHEREFORE, Defendants request Plaintiff's Objections to Defendants' First Interrogatories be overruled and Plaintiff be directed to respond to those Interrogatories.

*[Signature]*
Gary W. Allman
Missouri Bar No. 19921
P.O. Box 5049
Branson, Missouri 65615
Phone: (417) 332-2800
Fax No: (417) 332-1008
ATTORNEY FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS, )
)
    Plaintiff, )
)
v. ) Case No. 10-3305-CV-S-RED
)
RELIABLE HEAT & AIR, LLC, et al., )
    And )
)
RANDAL RICHARDSON, et al. )
)
Defendants. )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST INTERROGATORIES

Comes now Plaintiff David Stebbins, who submits the following response to the defendant's first interrogatories.

1. State your name, address, social security number, and date of birth.
   Answer: I object to this question, because you already know my name, address, and date of birth, and my social security number is none of your business, and asking for it is an invasion of my privacy.
2. State the address of each residence you have resided at for the past five (5) years, and the length of time for occupying each residence.
   Answer: I object to this question because it is irrelevant, and cannot possibly yield any evidence of consequence in this case.
3. State the name, address, and phone number of each employer you have had for the past five (5) years and provide the following reference to each employment:
   a) date of beginning and ending of each employment
   b) Brief of each job description
   c) Reason for termination of each employment
   Answer: I object to this interrogatory on the grounds that it is irrelevant, and not likely to produce any evidence of consequence in this case. Furthermore, I already disclosed this information to Richardson when I obtained the job spoken of in the complaint.
4. State in detail each and every act the Defendants did to discriminate against you, as stated in your complaint, including the date of such act.
   Answer: I object to this question on the grounds that it is vague and burdensome. To answer this question, as I presently understand it, would merely require me restating the complaint, itself. If you articulate exactly what, about the complaint, you did not understand, I will attempt to clarify, but, this question is merely asking for a restatement.
5. Identify all persons who were eyewitnesses to all or any part of the occurrences mentioned in your answer to the previous interrogatory or all persons who have any personal knowledge of occurrence or occurences.

*Exhibit A*

Answer: I object to this question on the grounds that I have already answered in when I supplied the defense attorney with my 26(a) initial disclosures.
6. List each item of damage which you claim, state its dollar value, how it is calculated, and the date in which it was incurred or is expected to be incurred, and identify all documents referring or relating to each such item or calculation.
Answer: I object to this question on the grounds that this information was already provided in my complaint.
7. Identify all persons whom you expect to call as expert witnesses at trial, and for each such expert state the general nature of the subject matter on which each expert is expected to testify.
Answer: I object to this question on the grounds that I already provided this information when I served the defense attorney with my 26(a) initial disclosures.
8. Identify each physician or other health professional who has examined or treated you since the date of the occurrences, and for each person state the date and purpose of each such examination or treatment.
Answer: I object to this question on the grounds that it requests information of a doctor-patient nature, which is legally privileged from discovery.
9. State your gross income for the years of 2006, 2007, 2008, 2009, and 2010.
Answer: I have no wages for the year of 2010. My wages for the year of 2009 consisted exclusively of wages earned from my employment with the Defendants, so you already possess that information. For both of these years, I made ends meet with $674 per month in Supplemental Security Income. The other three years you requested – 2006, 2007, and 2008 – are irrelevant to this case, and are unlikely to produce any evidence of consequence in this case.
10. Identify all documents upon which you rely to establish proof of your claim against the Defendants and your damages claimed as a result.
Answer: I object to this question on the grounds that I already provided this information when I served the Defense Attorney with my 26(a) initial disclosures.
11. Describe in detail the "hostile work environment" as alleged in your complaint.
Answer: I object to this question for the same reason that I object to Interrogatory #4.
12. Describe in detail your alleged disability of "Asperger Syndrome", including the symptoms and results of such disability.
Answer: I object to this question on the grounds that I have already answered this question when I provided the defense attorney with my medical records, which documented my Aspergers diagnosis, in the 26(a) initial disclosures.
13. Describe the "harassment" executed by Richardson as alleged in your complaint.
Answer: I object to this question on the same grounds as I objected to Interrogatories #4 and #11.
14. Describe how you were "wrongfully terminated" from your job as alleged in your complaint.
Answer: I object to this question on the same grounds as I objected to Interrogatories #4, #11, and #13.
15. Describe what "reasonable accommodations" would have permitted you to perform the job as alleged in your complaint.
Answer: I object to this question on the same grounds as I objected to Interrogatories #4, #11, #13, and #14.

16. Describe what alternate or accommodating job positions or other job related the Defendants offered modifications to you.

    Answer: First of all, I think, what you meant was "Describe what alternate or accommodating job positions or other job related modifications the defendants offered to you." Please be sure to proofread. Second, the defendant offered me nothing. No accommodations, no job reassignments (like he claimed), no nothing. He didn't even try to accommodate the disability; he just didn't care.

These are my answers to the Defendants' first interrogatories.

*David S Stebbins*

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com