IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

**REPLY SUGGESTION IN SUPPORT OF
MOTION TO CONFIRM ARBITRATION AWARD**

Comes now Plaintiff David Stebbins, who respectfully submits the following reply suggestion in support of my motion to confirm the arbitration award.

1. Defendants' suggestion in opposition was untimely. The deadline to submit a suggestion in opposition was April 11, 2011. Defendants submitted their suggestion in opposition on April 19, 2011. No motion for extension of time to reply was ever filed. Therefore, their suggestion in opposition should be struck as untimely.

2. Even if the suggestion in opposition is admissible, Defendants have not moved to vacate, modify, and/or correct the arbitration award. These are supposed to be the Defendants' *only* avenues for objecting to the confirmation of an arbitration award. See *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008). Because he has not done these, the arbitration award *must* be confirmed, no fuss no muss. See *Medicine Shoppe International, Inc. v. Turner Investments, Inc.*, 8th Circuit Court of Appeals, Case No. 09-2179.

On application for an order confirming the arbitration award, the court

"must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies.

3. Defendants cite the case of Ketcherside v. McLane, but, upon reading that case, it does not seem to say anything in support of Defendants' argument. Rather, in that case, the appellate court affirmed the trial court's judgment that a contract *did* exist.

4. Besides, *Ketcherside* speaks of unilateral contracts, whereas this is a bilateral contract. I singled out one single offeree (the Defendants in this case), which is bilateral. Furthermore, in a unilateral contract, the offeree's acceptance and the offeree's consideration are one in the same. Case in point: Returning a lost dog to its family, after being promised $100 for the dog's safe return. In that case, the offeree both accepted the contract and performed his or her consideration, at the same time, with the same act. In the instant case, Defendants performed an acceptance method, and *then*, we referred legal disputes to binding arbitration.

5. Defendants claim that it was impossible to avoid performing the acceptance method; however, this is simply not true. Defendants argue that "the offeree must have some control over whether he intends to accept the offer." I agree. However, in the instant case, the Defendants *did* have some control. In fact, they had a lot of control. To avoid accepting the contract, all the Defense counsel had to do was hang up the phone. That is all. Nothing more, nothing less. That is not "impossible," or even "difficult," by any stretch of the imagination.

6. Defendants argue that "Answering a phone call from Plaintiff and offering to communicate with Plaintiff simply does [not] evidence the mutuality of agreement or the

acceptance of an offer." Defendants failed to include the word "not" in that sentence, but I knew what he meant. However, even with the correction in place, he is simply wrong. In the event that my objection to the Defendants' suggestion on the grounds specified in Paragraphs #1 and #2 of this reply suggestion are overruled, Defendants still provided no legal authorities in support of his statement. Therefore, without supporting authorities, his arguments are without merit, even if they are admissible.

7. Defendants argue that "Defendants' counsel is required to communicate with Plaintiff directly and where, for the progress of the case, it is necessary that counsel communicate with Plaintiff." Defendants were not – I repeat, were *not* – legally required to communicate with me in the instant issue. I made it perfectly clear at the beginning of the telephone conversation that he was *not* legally required to answer the question I had; I just wanted him to. Defendants are simply blowing smoke when they claim that Defense counsel was required to communicate with me.

Wherefore, for all of the above-stated reasons, I respectfully pray that my motion to confirm the arbitration award be granted, costs incurred be awarded, and other relief that the court finds appropriate be granted.

It is so requested on this 19th day of April, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., And | ) ) ) |
| RANDAL RICHARDSON, et al. | ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my Reply Suggestion in Support of my Motion to Confirm Arbitration Award has been served on Gary Allman, attorney for the Defendants, by transmitting a copy to him via email transmission to garywallman@gmail.com on the 19th day of April, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com