IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| RANDAL RICHARDSON, et al. | ) |
| Defendants. | ) |

## MOTION FOR RECONSIDERATION OF
## MOTION TO CONFIRM ARBITRATION AWARD

Comes now Plaintiff David Stebbins, who respectfully submits the following motion for reconsideration of my motion to confirm the arbitration award.

The Judge claimed that the arbitration process was invalid and not recognized under the Federal Arbitration Act. More specifically, the Judge claimed that arbitration must have both parties participating. This is simply not true, as a matter of law. There is numerous binding precedent that explicitly states that an arbitration award can be upheld, even when one party did not participate in the proceedings.

Wherefore, I respectfully pray that you reconsider my motion to confirm the arbitration award, and subsequently grant it.

David Stebbins

1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS,              )
                             )
    Plaintiff,         )
                             )
v.                           )
                             )Case No. 10-3305-CV-S-RED
RELIABLE HEAT & AIR, LLC, et al., )
    And                )
                             )
RANDAL RICHARDSON, et al.    )
                             )
Defendants.                  )

**BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**

    Comes now Plaintiff David Stebbins, who respectfully submits the following motion for reconsideration of the motion to confirm the arbitration award.

    The Court erred in ruling that arbitration requires that both parties must participate in the arbitration proceedings. This is simply not true. I cite the binding precedent of *Hugs & Kisses, Inc. v. Acquire*, 8th Circuit, Case No. 98-4027.

> In Val-U Construction Co. v. Rosebud Sioux Tribe, 146 F.3d 573, 575 (8th Cir. 1998), we upheld an arbitration award even though one party did not participate in the arbitration. We distinguished Food Handlers, finding that the parties' arbitration agreement incorporated American Arbitration Association rules that allowed an arbitration hearing to proceed in a party's absence if that party is given notice of the hearing and an opportunity to have it postponed.

    This case proves that the adverse party's participation is *not* necessary, so long as the contract containing the arbitration agreement stated that their participation is not necessary. Such is the case here. The forfeit victory clause explicitly stated that the Defendants must accept the arbitration invitation on their own.

    Therefore, to claim that an arbitration where the Defendants did not participate is not

recognized in arbitration law is simply ludicrous. All we have to do is agree to it, accordingly.

To further prove my point, allow me to cite the case of *Scharf v. Kogan*, Missouri Court of Appeals, Case No. ED91612. In this case, Mrs. Kogan did not participate in the arbitration, on the grounds that there was no contract requiring her to. The Court of Appeals affirmed that decision, but only because they found that, indeed, there was no arbitration agreement.

In the instant case, you denied the motion to confirm the arbitration award without even considering whether or not a contract existed, on the mistaken belief that the adverse party absolutely *must* participate.

Wherefore, I respectfully pray that you vacate your order denying the motion to confirm the arbitration award, subsequently grant the motion to confirm the arbitration award, award costs incurred, and other relief that the court finds appropriate.

David Stebbins

*David S Stebbins*

1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com