IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-3305-CV-S-RED ) |
| RELIABLE HEAT & AIR, LLC, | ) ) |
| And | ) ) |
| RANDALL RICHARDSON, | ) ) |
| Defendants. | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION TO CONFIRM ARBITRATION AWARD.

COME NOW, Defendants and oppose Plaintiff's motion for reconsideration as follows:

1. Plaintiff's motion for reconsideration misstates the law and facts concerning the denying of Plaintiff's Motion to Confirm Arbitration Award.

2. Plaintiff's Motion to confirm an arbitration award was denied because there was no agreement between Plaintiff and Defendants to arbitrate. Defendants did not agree to an arbitration notwithstanding Plaintiff's furtive claim that a "contract" was agreed to. In denying Plaintiff's motion to affirm an award the Court here ruled that no agreement or contract to arbitrate was extant. The parties simply had reached no agreement to arbitrate.

3. The cases cited by Plaintiff clearly support the proposition that absent an agreement to arbitrate, one of the parties who did not participate in a void arbitration could not be held to be bound by such arbitration. In <u>Scharf v. Kogan,</u> 285 S.W.3d 362 (Mo. App. E.D. 2009) a wife who had not agreed to arbitration was held to not be bound by an arbitration that occurred. In <u>Hugs & Kisses v. Aguirre,</u> 220 F. 3 890 (8th Cir. 2000), also cited by Plaintiff, the Court clearly held that where there was nothing to indicate (appellants) consented to arbitration and where the opposing party proceeded "unilaterally", the arbitration against appellant was void. The Court in Hugs & Kisses went on to distinguish other cases which are not applicable here. However, by way of dicta the Court did state that "Arbitration is a matter of consent, not of coercion", <u>Hugs & Kisses</u>, id at 894.

4. The cases cited by Plaintiff more appropriately support Defendants position here.

5. Plaintiff here is attempting to coerce an arbitration by a specious and deceptive claim that the parties had mutually agreed to arbitrate their differences. There simply was no agreement to arbitrate, and this Court so held.

WHEREFORE, Plaintiff's motion for Reconsideration should be denied.

Gary W. Allman, # 19921
PO Box 5049
Branson, MO 65615
Phone: (417) 332-2800
Facsimile: (417) 332-1008
Attorney for Defendants