IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

### SECOND MOTION FOR RECONSIDERATION

Comes now Plaintiff David Stebbins, who respectfully submits the following motion for reconsideration of my motion to confirm the arbitration award.

My first motion for reconsideration was based on the straw man argument that you denied the motion to confirm the arbitration award on the grounds that the Defendant did not participate in the arbitration proceedings. Well, I promised you case law directly refuting your claim, and I *still* have no intentions of breaking that promise. Now that I am aware of where your position lies in the instant case, I hereby submit the following binding precedent in my favor: *CACV of Colorado, LLC v. Muhlhausen*, Missouri Court of Appeals, Case No. SD30272.

This case law clearly demonstrates that I don't have to do a blasted thing; all I have to do is file the motion to confirm the arbitration award in the correct court, and the Defendants must prove that no arbitration agreement exists. I don't have to prove that an arbitration agreement *does* exist; they have to prove that it *doesn't*.

In the instant case, the Defendants offered no proof, whatsoever.

Now, you might argue that the lack of an arbitration agreement was obvious. I beg to

differ. Notice, in that case, the Respondents purchased the debt from MBNA America Bank. The arbitration agreement was entered into when MBNA America Bank served all of its customers with a notice amending the credit card terms to include a binding arbitration. To reject this amendment, the adverse parties had to do a lot more than simply hang up the phone when MBNA called them; they had to actually write to MBNA using snail mail and cancel the card. Canceling the card over the phone did not count, and sending them a written notice of cancellation over email did not count.

This information was not in the case law that I have cited. However, I still know that this is how MBNA did it, because this is present in a couple of Arkansas cases. Specifically, I am referring to *Danner v. MBNA America Bank*, Supreme Court of Arkansas, Case No. 06-1429 and *MBNA America Bank v. Blanks*, Court of Appeals of Arkansas, Case No. CA06-1396. Therefore, I am putting two and two together, when I saw that this is probably how the arbitration agreement came into existence in that case.

Despite all this, Ms. Muhlhausen still had to prove that an arbitration agreement did *not* exist. The Missouri Court of Appeals even admitted that this was a bit unfair, but that the judicial branch was not the tree they needed to be barking up; the legislative branch was.

In the instant case, the Defendants never proved a blasted thing! All they did was claim claim claim. They *claimed* that the acceptance method was impossible to avoid. They did not *prove* diddly squat, even though binding precedent clearly states that *they* hold the burden of proof, so long as I file the motion to confirm the award in the correct court.

Like I said, I can easily find case law directly on point to contradict your position on the issue. I do not believe that I disappointed. This case law that I have cited clearly demonstrates your fallacy in refusing confirmation of the arbitration award, namely because you misallocated

the burden of proof.

      For this reason, I respectfully pray that you reverse your order denying confirmation of the arbitration award, award costs incurred, and other relief that the court finds appropriate.

      It is so requested on this 29th day of April, 2011.

David Stebbins<br>
1407 N Spring Rd, APT #5<br>
Harrison, AR 72601<br>
870-204-6024<br>
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )Case No. 10-3305-CV-S-RED |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
|     And | ) |
| | ) |
| **RANDAL RICHARDSON, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my Second Motion for Reconsideration was served on Gary Allman, attorney for the Defendants, by transmitting a copy via email transmission to garywallman@gmail.com on the 29th day of April, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com
