IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

**SUGGESTION IN SUPPORT OF**
**SECOND MOTION FOR RECONSIDERATION**

Comes now Plaintiff David Stebbins, who respectfully submits the following suggestion in support of my second motion for reconsideration of the order denying confirmation of the arbitration award.

I just wanted to point out that, now that I have binding precedent directly refuting your belief, even though you have judicial immunity, and may not be able to be sued for damages, you should still confirm the award.

Think about it: If you deny confirmation, again, and I go to appeal, the Defendants must follow me to the Appellate Courts, and spend time and money defending against an appeal that I most certainly will win, now that I have just unambiguous case law in my favor. If you *confirm* the award, and they decide to appeal that, then at least they would be doing it to themselves.

The point I am trying to make is this: I understand that you do not *like* my case, but if you want to throw the Defendants a bone, at this point, I think that it would be most prudent to do so by causing them as little involuntary pain as possible.

Besides, you may even loose your judicial immunity, yet. Now that I have such unambiguous case law in my favor, that means the arbitration award most certainly should be confirmed. As a direct result, you would no longer have jurisdiction over me in the employment discrimination case that we *were* litigating. Acting in the clear absence of jurisdiction is one of the few exceptions to judicial immunity. See *Stump v. Sparkman*, 435 U.S. 349 (1978). So, you should be careful about denying this motion for reconsideration, even for your own sake.

For all of these reasons, I respectfully pray that you reverse your order denying confirmation of the arbitration award (Document #90), subsequently *grant* the motion to confirm the arbitration award (Document #70), award costs incurred, and other relief that the court finds appropriate.

It is so requested on this 29th day of April, 2011.

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| And | ) |
| **RANDAL RICHARDSON, et al.** | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my Suggestion in Support of my Second Motion for Reconsideration was served on Gary Allman, attorney for the Defendants, by transmitting a copy via email transmission to garywallman@gmail.com on the 29th day of April, 2011.

*David S Stebbins*

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com