IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| DAVID STEBBINS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., And | ) |
| RANDAL RICHARDSON, et al. | ) |
| Defendants. | ) |

**SECOND SUPPLEMENT TO SECOND MOTION FOR RECONSIDERATION**

Comes now Plaintiff David Stebbins, who respectfully submits the following supplement to my second suggestion in support of my motion for reconsideration (Document #96) of your order denying confirmation of the arbitration award (Document #90).

In my original second motion, I mentioned that the Defendants held the burden of proof in this case, and they have proven nothing. In my first supplement to that motion (Document #98), I showed binding precedent in favor of my assertion in paragraph two (2) of my original Reply Suggestion (Document #81) that, unless and until the Defendant files a motion to vacate, the court should confirm the award, automatically.

In this second supplement, I assume *arguendo* that I hold the burden of proving that an arbitration agreement exists. The Defendants claim (untimely, but they claim nonetheless) that the arbitration agreement was unilaterally entered into.

I disagree that it is unilateral, but let us entertain that, *arguendo*, for a minute. That is still legally valid, according to some interesting case law I found just last night. I found the Eighth Circuit case of *Berkley v. Dillard's, Inc.*, which has the Eighth Circuit case number of 05-3523. If

you are reading this supplement on the computer (e.g. on Pacer), then here is a convenient link to the court decision in that case:

http://www.ca8.uscourts.gov/opndir/06/06/053523P.pdf

It came from the Eastern District of Missouri, so the same state law regarding contract formation applies.

Allow me to go down the list of all the things that this case has in common with that one:

- It's about employment discrimination, as well as infliction of emotional distress.
- It concerns an arbitration agreement.
- The arbitration agreement was [presumably] accepted unilaterally.
- A third party looking at the case from the outside could reasonably construe that the arbitration agreement was most likely a direct attempt to make it more difficult for the opponent to win in the discrimination claim.

In *Berkley*, to reject the contract, Ms. Berkley had to do a lot more than simply hang up the phone. She had to hang up her badge and resign from the company, thus resulting in the self-inflicted injury of unemployment. I would definitely say that *that* alternative would be a lot more "unilateral" than simply hanging up the phone.

Despite this, the Eighth Circuit still upheld the arbitration agreement, and deemed it "accepted."

In the instant case, the Defense had to do nothing of the sort. The Defense would have suffered no injury, whatsoever, by simply hanging up the phone. The Defense attorney was not legally required to communicate with me on the instant issue.

So, just to recap, let me go down the list of all the different case laws that I have cited, so far, that refute your claims, or render them moot:

1. The Defendants must file a motion to vacate before the court can refuse to confirm an award.

2. The Defendants must prove that no arbitration agreement exists.

3. Even if I hold the burden of proof, simply being "unilateral," which it is not, is still sufficient to bind someone to an arbitration agreement.

I do not see how you can possibly justify denying my motion for reconsideration, now. I have three cases in my favor, which unambiguously state that your decision was simply wrong. Like I said before in Document #97, not only do you stand to loose your judicial immunity, but even if you do not, you should probably try to save the Defendants as much involuntary pain as possible.

For all of the reasons I have stated, in all these documents, I pray that you grant the second motion for reconsideration, subsequently grant the arbitration award, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 2nd day of May, 2011.

*David S Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., And | ) ) ) |
| RANDAL RICHARDSON, et al. | ) ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my supplement to my second motion for reconsideration was served on Gary Allman, attorney for the Defense, by transmitting a copy via email to garywallman@gmail.com on the 2nd day of May, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com