# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff, proceeding *pro se*, has moved to proceed in forma pauperis on appeal (Doc. 91). After careful consideration, the Court **DENIES** Plaintiff's Motion (Doc. 91) and hereby certifies that his appeal is not taken in good faith.

## BACKGROUND

Plaintiff seeks to appeal this Court's denial of his motion to confirm arbitration award, which was based on the following facts.[1] On March 20, 2011, Plaintiff sent counsel for Defendants an email. The subject line of the email stated, "Read this." Doc. 70-1. The text of the email stated, "I assure you, under penalty of perjury, that this is NOT malware." *Id*. The email contained an attachment titled, "Arbitration Agreement." *Id*. The "Arbitration Agreement" stated as follows:

Overview

The following is a contract between David A. Stebbins of Harrison, AR (me, myself, I), and Reliable Heat & Air, LLC, and Ranal (sic) Richarson (sic) (you), collectively known as "the Parties" (we, us). By viewing this contract on Youtube and, subsequently, performing any of the acceptance methods listed below, you hereby agree to be bound by the following terms:

Arbitration

---

[1] Each fact stated in this Order is solely an alleged fact. Nothing in this Order should be taken to mean that a fact has been proven or is accepted by the Court. The facts are simply stated for context.

You hereby agree to settle all legal disputes with me – even those not related to this contract – to binding arbitration, using the services of either www.net-arb.com, the American Arbitration Association, or the National Arbitration Forum.

Forfeit Victory

If you are served with an arbitration invitation, and do not accept this arbitration invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the case. If you receive the arbitration invitation in the mail, you must have your acceptance in the mail by the next business day to avoid this forfeit victory clause. No actual arbitration award needs to be entered; I simply win, automatically, without having to go to arbitration.

Acceptance method

You accept this contract if you, or your employees and/or affiliates...
1. Instigate communications with me, in any way, unless you are legally required to communicate with me.
    A) This will also apply if you communicate with me in ways that are expected of you, but not required, such as responding to a request for admissions, and admitting even one fact (because, if the fact is admitted, you can always just let the 30 day time limit expire, and the fact is admitted by default).
2. Allowing me to communicate with you for any reason that you are not legally required to entertain me on.
    A) This will also apply to allowing me to send emails to you, and not blocking my attempts to communicate, as well as not calling the police if I communicate with you for any reason I am not legally entitled to communicate with you for.
3. Seeing me on your property and not asking me to leave, immediately.

On March 23, 2011, Plaintiff called Gary Allman, counsel for Defendants. Plaintiff stated he had a question that was related to his case against Reliable Heat & Air, but that the question was not a formal discovery question. Allman told Plaintiff that he would call him back in a few minutes. Allman eventually followed up with an email, apologizing for missing Plaintiff's call and stating that if Plaintiff would like to discuss something he could call him back. Plaintiff contends that these communications constituted Defendants' acceptance of the arbitration agreement. On March 24, 2011, Plaintiff sent another email to Allman. The text of the email in part stated, "I tried to sign this thing, but I couldn't scan it. My scanner isn't working properly. If you print this out, sign it, scan it, and then send it back to me, I can sign it and send it back to you so you can send it, and the filing

2

fee, to the AAA." The email contained an attachment titled, "Reliable Submission to Arbitration." Plaintiff asserts because Allman did not accept this purported invitation to arbitrate, he "automatically win[s], regardless of the merits of the case," pursuant to the forfeit victory clause.

## DISCUSSION

### *Standard to Proceed In Forma Pauperis on Appeal*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Courts judge "good faith" from an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Good faith is not present if the issues presented for review are frivolous, *Id.*, if there is no arguable basis in law or fact supporting the appellant's claims, *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), if the appeal is based on some evident improper motive, *Ellis v. United States*, 356 U.S. 674, 674 (1958), or if the order from which the appellant desires to appeal is a non-appealable order, *Javor v. Brown*, 295 F.2d 60, 61 (9th Cir. 1961).

### *The issue presented for appeal is frivolous and is not supported by any arguable basis in law or fact*

In his motion to proceed in forma pauperis, Plaintiff contends this Court erred in refusing to confirm an arbitration award. This issue is patently frivolous because the parties never entered into an arbitration agreement, never engaged in arbitration, and Plaintiff never obtained an arbitration award. As previously discussed, parties must agree to arbitrate, and without an agreement, no valid contract to arbitrate exists. *See Whitworth v. McBride & Son Homes, Inc.*, 2011 WL 1233806, at *5 (Mo. Ct. App. April 5, 2011). Despite Plaintiff's contentions, Allman's communications with Plaintiff do not show that Allman or the Defendants agreed to arbitrate.

3

### *Plaintiff's appeal is based on improper motives*

After filing his motion to confirm arbitration award, Plaintiff sent an email to Allman, wherein Plaintiff explained the reasons for his actions. Doc. 75, p. 6-7. It is clear from the body of the email that Plaintiff filed the motion for purposes of harassment and to coerce Defendants into settlement. The email is replete with profanities, evidences Plaintiff's desire for revenge against Defendants, and concludes with Plaintiff's statement that "I think you and your client need to offer me something huge, in order to get me to drop the motion."

### *Plaintiff seeks to appeal a non-appealable order*

Generally speaking, a circuit court only has jurisdiction over a final decision of a district court. *Gerhardt v. Liberty Life Assur. Co. of Boston*, 574 F.3d 505, 507 (8th Cir. 2009). A decision is only final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id*. This Court's order on Plaintiff's motion to confirm arbitration award was not a final order because Plaintiff's claim for disability discrimination remains viable. It also appears that this Court's order would not fit within any exception to the final judgment rule.

### CONCLUSION

In sum, the Court **DENIES** Plaintiff's Motion and Affidavit for Permission to Appeal in Forma Pauperis (Doc. 91), as any appeal would not be taken in good faith. Good faith is lacking because the issue presented for appeal is frivolous, the appeal is based on improper motives, and Plaintiff seeks to appeal an order that is not a final order. Plaintiff has indicated that he is considering filing a motion for a writ of mandamus. This Order merely relates to the appeal issue and does not apply to any writ Plaintiff may be considering.

The Court declines to further clarify or reconsider its order on Plaintiff's motion to confirm

arbitration award. Plaintiff's belief that *CACV of Colorado, LLC v. Muhlhausen*, 2011 WL 287976 (Mo. Ct. App. January 27, 2011), and *Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Systemaire, Inc.*, 241 F.3d 972 (8th Cir. 2001) are directly on point is misguided, as those cases involved grievances that were presented to and decided by an arbitrator. There has been no decision by an arbitrator in this case. Accordingly, the Court **DENIES** Plaintiff's Motion for Clarification of Order (Doc. 94), and Plaintiff's Second Motion for Reconsideration (Doc. 96). Plaintiff's Motion to Expedite IFP Appeal (Doc. 95) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: May 2, 2011           */s/ Richard E. Dorr*
                              RICHARD E. DORR, JUDGE
                              UNITED STATES DISTRICT COURT