IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

## THIRD MOTION FOR RECONSIDERATION

Comes now Plaintiff David Stebbins, who hereby submits the following third motio for reconsideration.

Before I begin, I want to point out that I do not expect you to actually grant this motion. When you denied my motion for leave to appeal in forma pauperis, you proved your personal bias against me when you claimed that an order denying confirmation of an arbitration award is not an appealable order because it is not final. That is simply ludicrous. See *Southland Corp. v. Keating,* 465 U.S. 1 (1984) ("To delay review of a... judicial decision denying enforcement of an arbitration contract until the... litigation has run its course would defeat the core purpose of the contract"). Make no mistake, I will be filing a mandamus against you, forcing you to grant my motion for leave to appeal in forma pauperis. Expect to get it any day now.

No, that is not why I am filing this motion for reconsideration. I expect it to get denied, because, by now, you have conclusively proven that you simply do not *like* my case. Instead, I am filing this motion so that I can reserve it on appeal, as the appellate courts do not consider arguments raised for the first time on appeal.

In your order denying my motion to clarify your decision, you claimed that I was mistaken in the cases that I have cited because they were all decided by an arbitrator, and an actual arbitration award was entered by the arbitrator, as opposed to a forfeit victory clause.

I wish to take this opportunity to explain all the various legal arguments that I plan to argue before the appellate court, explaining why that decision is a load of BS.

First of all, by claiming that an actual arbitration *award* is absolutely necessary, and that a forfeit victory clause cannot get rid of that necessity, then you are essentially conceding that the contract itself is otherwise valid. By attacking only one provision of the contract, you accept that the contract as a whole cannot be validly attacked. Of course, my case law unambiguously states that the acceptance method is, indeed, valid (or, at the very least, you misappropriated the burden of proof).

Therefore, that means that, despite what you initially said, there was, indeed, an agreement to arbitrate. Therefore, you should not have simply thrown the case out, altogether; you should have compelled arbitration. Assuming that the contract itself is otherwise valid, then it should be "valid, irrevocable, and enforceable, save for such grounds that exist at law or in equity for the revocation of any contract." See 9 U.S.C. § 2. You may argue that I never moved to compel arbitration, but then again, you never had any problem denying my motion to confirm, despite unambiguous case law and statute saying that you absolutely *must* confirm the award unless presented with a motion to vacate.

Second, why shouldn't the forfeit victory clause negate the need for there to be an actual arbitration award? If it is in the contract, and the contract itself is otherwise valid, what is the point of invalidating this one provision? People sign away their rights all the time. Why can't you sign away your right to actually have an arbitration award presented before you are

confirmed?

Third, the forfeit victory clause is out of your hands, anyway. Remember, attacking the validity of the forfeit victory clause assumes that the contract as a whole is otherwise valid. The arbitrator must decide the legality of a contract, unless the arbitration clause itself is being challenged. See *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006). Therefore, you only have jurisdiction to consider the validity of the forfeit victory clause if it is *part of* the arbitration agreement.

While I can understand where you might initially think that the forfeit victory clause is part of the arbitration agreement, I do not think it is. Think about it: You are not supposed to hold arbitration agreements to a double standard. See *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995).

Therefore, imagine that you had a contract before you, and the contract as a whole was not in any dispute (just like the prerequisite assumption in this case). The contract states, among other things, that 1) the parties hold all disputes in a court of competent jurisdiction in Harrison, AR, and 2) the parties' rights to seek Rule 60(b) relief in the event of a default judgment are severely limited... maybe to the point of unconscionability.

At that point, would you have jurisdiction to consider the validity of the default judgment provisions, or would your only option be to forward the case to the U.S. District Court for the Western District of Arkansas and wish the other party the best of luck? Well, naturally, it would be the latter, would it not?

Besides, I think you were simply grasping at straws when you made that decision, in the first place. First, you decide that there is no arbitration agreement because the acceptance method is not recognized by law, but then, once I prove to you that it *is* recognized by law, or, at

the very least, that the Defendants must actually *prove* that, then you change your decision.  This proves that you simply do not want to confirm the award, because it makes you uncomfortable.  However, as I said before, I am merely uploading this so that I can reserve it for appeal.

    For all the reasons specified above, I pray (to God, not to you) that you reverse your previous decision and confirm the award.

    It is so requested on this third day of May 2011.

*David Stebbins*<br>
David Stebbins<br>
1407 N Spring Rd,<br>
APT #5<br>
Harrison, AR 72601<br>
870-204-6024<br>
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| RANDAL RICHARDSON, et al. | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my third motion for reconsideration was served on Gary Allman by emailing a copy to garywallman@gmail.com on May 3, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com