IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENT TO RENEWED MOTION TO COMPEL DISCOVERY**

Comes now Plaintiff David Stebbins, who hereby submits the following supplement to my renewed motion to compel discovery.

On June 8, 2010, the Defendants made a series of frivolous objections to my third request for production.

First, the Defendants objected on the completely unsupportable grounds that they already responded to my third request for production. However, they cited no documents on record to prove such a statement, nor can they.

Second, the Defendants object on the grounds that this information is simply "never disclosed to others." He uses the word "proprietary" to describe the information. However, in the legal context, "proprietary" means that he has an exclusive right to it. However, he has yet to produce any documents to prove this exclusive right, such as anything related to intellectual property.

Mere invasion of privacy is not a grounds to object to a request for production. It must be a very specific type of privilege, such as lawyer-client relationships, doctor-patient relationships,

or spousal relationships.

Regarding the Defendants' relevance objections, I do not even think I should have to explain its relevance. I already explained the relevance in my *original* request for production. I flat-out told him, "In order to prove this, please produce this."

Also, the production is not broad and vague. A reasonable defendant would know exactly what to produce. I noticed that the Defendant did not – and could not – articulate any actual vagueness in the request. If you look back to my objection to their first request for production, they asked for "all documents" pertaining to this lawsuit. In my objection, I went into a vast amount of detail as to just how vague and broad that is.

If the Defendants can explain just how vague and how broad my request for production is, I would be happy to clarify it. However, as of right now, he is merely making frivolous objections in an attempt to avoid having to provide evidence that he knows will eliminate the one final issue of fact in this case.

Wherefore, premises considered, I respectfully pray that the Defendants be required to produce the documents requested.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-3305-CV-S-RED |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| And | ) |
| | ) |
| **RANDAL RICHARDSON, et al.** | ) |
| | ) |
| **Defendants.** | ) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of
    Plaintiff's Supplement to Renewed Motion to Compel Discovery
was served on

Gary Allman
Missouri Bar #19921
P.O. Box 5049
Branson, MO 65615
Phone: 417 – 332 – 2800
Fax: 417 – 332 – 1008
garywallman@gmail.com
Attorney for: Defendants

by transmitting a copy via email transmission to garywallman@gmail.com, on the 8th day of June, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com