IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS,          )
                         )
        Plaintiff,       )
                         )
v.                       )
                         )  Case No. 10-3305-CV-S-RED
RELIABLE HEAT & AIR, LLC, et al.,  )
        And              )
                         )
RANDAL RICHARDSON, et al.  )
                         )
Defendants.              )

**MOTION FOR SANCTIONS UNDER RULE RULE 37(b)(2)(A)**

1. Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following motion for sanctions under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure.

2. On July 29, 2011, this Court issued an order instructing the parties to respond to all current discovery requests within twenty (20) days. See Document #122.

3. The twenty-day time limit began on July 30, 2011. See Fed. R. Civ. P. Rule 6(a)(1)(A).

4. Therefore, the deadline to respond to all pending motions was August 18, 2011.

5. Since both parties were participating in the case via the ECF system, the exact deadline to file was 12:00AM, Central Time Zone, on August 18, 2011. See Fed. R. Civ. P. Rule 6(a)(4)(A).

6. One pending discovery request was a request for production, pursuant to Fed. R. Civ. P. Rule 34. Specifically, I requested the entirety of the Defendants' business documentation, and also copies of the company's bank statements for the year of 2009. See Exhibit A. It was their initial failure to respond to this discovery request that triggered the long line of motions to compel discovery that ultimately resulted in discovery being compelled in

Document #122.

7. It is now past midnight on August 19, 2011, and yet, these documents have not been presented. Therefore, sanctions for failure to obey a discovery order are appropriate.

8. The Second Amended Schedule and Jury Trial Order stated that a court would not entertain future discovery motions without full compliance with Local Rule 37.1. However, Local Rule 37.1 begins by stating "Except when authorized by an order of the Court."

9. Such an express authorization is present in Document #122, which states in pertinent part the following: "Each party shall respond to any currently pending discovery within twenty (20) days from the date of this Order. If after that time period Defendants have still not answered Plaintiff's discovery requests, Plaintiff shall so notify the Court." Therefore, it is not necessary that I attempt to confer with the Defense Counsel on this issue before consulting this court, without simultaneously failing to comply with Local Rule 37.1.

10. Specifically, I request that it be established for the purpose of evidence in the pending action that the Defendant was properly informed that Asperger Syndrome was a disability at the time the Plaintiff was employed by the Defendant.

11. This was the main reason I requested the business records; I wanted to see if they had documented the conversation I had with Richardson when I informed him of my Asperger Syndrome, and specifically, what his records claim the conversation consisted of.

12. The relief I request in this motion is provided for in Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. In fact, three out of the seven types of sanctions suggested in that Rule effectively amount to this type of relief, but in different ways.

    (a) Fed. R. Civ. P. Rule 37(b)(2)(A)(i) allows the requested relief in its most blatant text.

(b) Fed. R. Civ. P. Rule 37(b)(2)(A)(ii) causes the Defendant to be forbidden to oppose my claim that I am disabled, which would have the same effect as the relief requested above would have.

(c) Fed. R. Civ. P. Rule 37(b)(2)(A)(iii) allows the Court to strike part of the Defendant's answer. The most obvious part of the Defendant's answer to strike was where the Defendant stated that I am not a qualified individual with a disability. At that point, the matter would effectively be admitted pursuant to Fed. R. Civ. P. Rule 8(b)(6). Again, it would ultimately have the same result.

13. All the other suggested sanctions are either inappropriate, too much of a sanction, or not enough of a sanction.

    (a) Fed. R. Civ. P. Rule 37(b)(2)(A)(iv) and (v) are only appropriate if the Plaintiff is the one disobeying the order, or if the Defendant has a counter-claim to support. Neither is the case, here. Without either of them, if either of these sanctions are imposed, the Court would essentially be rewarding – rather than punishing – the Defendants with a *de facto* dismissal.

    (b) Total default, pursuant to Fed. R. Civ. P. Rule 37(b)(2)(A)(vi), is a bit of an overkill. See Document #67. A sanction should be limited only to what suffices to deter the action that triggers the sanction. See Fed. R. Civ. P. Rule 11(c)(4). Besides, I may as well be getting default, as this is the last issue of fact to be disputed. See Document #124, so there is no need to add insult to injury.

    (c) Fed. R. Civ. P. Rule 37(b)(2)(A)(vii) is an insufficient remedy. Even if the Defendants are fined, or even jailed, for their failure to provide the records that I requested, I would still be without the evidence that the discovery would have

yielded. Discovery is almost over; there is not enough time for me to simply submit another discovery motion. My ability to prove my case on the merits has been irreparably damaged, so the only solution is to not require me to prove the case "on the merits."

Wherefore, premises considered, I respectfully pray that the relief requested in paragraph ten (10) of this motion be granted. It is so requested, on this 19th day of August, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, hereby certify that a true and correct copy of my motion for sanctions was served on the Defendants by allowing them to view the Notice of Docket Activity on ECF, as allowed by Local Rule 5.1, on the 19th day of August, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com