IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 10-3305-CV-S-RED ) |
| RELIABLE HEAT & AIR, LLC, et al., And | ) ) ) |
| RANDALL RICHARDSON, et al. | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW, Defendants and for their opposition to Plaintiff's Second Motion for Partial Summary Judgment state as follows:

I. Plaintiff does not request any specific remedy in his motion other than the Court " summarily judge all the other elements, besides those two unanswered questions, in my favor," and Defendants therefore ascertan Plaintiff requests the Court to hold Plaintiff's Statement of Uncontroverted Facts as judged conclusive. Otherwise Defendants object to Plaintiff's motion for partial summary judgment as being vague and uncertain and failing to state a claim for which relief may be granted.

II. Defendants' object to Plaintiff's statement of Uncontroverted Facts for the reason that such statements therein contained are only unsupported statements of proposed facts without

1

reference to where in the record the fact is established as required by Local Rule 56.1(a).

III. Defendants, notwithstanding their objection, respond specifically to the numbered paragraphs of Plaintiff's Statement of Uncontroverted Facts, as follows:

1. Defendants admit and agree that Plaintiff was employed by the Defendants as a customer service representative. (Exhibit A Richardson Affidavit Para 3; Exhibit B, Plaintiff's Response to Interrogatories, Para 2; Exhibit D Defendants' Response to First Admissions, Para's 4 and 5).

2. Defendants admit and agree the Defendants terminated the employment relationship. (Exhibit A, Richardson Affidavit, Para 7 and 8).

3. Defendants admit and agree that the termination was deliberate. (Exhibit D, Defendants' Response to First Admissions, Para 25).

4. Defendants admit and agree that Plaintiff was terminated for being rude to the customers. More specifically, Plaintiff was terminated because of numerous customer complaints about Plaintiff's rudeness, abrasiveness, arrogance and his failure to do the job correctly. (Exhibit A, Richardson Affidavit, Para's 5, 6, 7, 8, 9 and 10; Exhibit B, Plaintiff's Response to Interrogatories, Para 3; Exhibit C, Plaintiff's Response to Admissions, Para 4; Exhibit D, Defendants' Response to First Admissions, Para's 4, 5, 8, 19, 20 and 23).

5. Defendants admit and agree Plaintiff was hired as a full time employee. (Exhibit D, Defendants' Response to First Admissions, Para 6).

6. Defendants admit and agree that Plaintiff was rude to customers of Defendants. (Exhibit A, Richardson Affidavit, Para's 5, 6, 7, 8, 9 and 10; Exhibit B, Plaintiff's Response to Interrogatories, Para 3; Exhibit C, Plaintiff's Response to Admissions, Para 4; Exhibit D, Defendants' Response to First Admissions, Para's 4, 5, 8, 19, 20 and 23).

7. Defendants have no knowledge that Plaintiff has "Asperger Syndrome" and denies same. (Exhibit A, Richardson Affidavit, Para's 8, 9 and 10) Plaintiff informed Defendants that he had Asperger Syndrome on Plaintiff's last day of work, probably after Defendant terminated the employment. Plaintiff did not appear to be "disabled" nor did Defendants perceive that Plaintiff was disabled to the extent Defendants were not aware of any physical, sensory, or mental impairment which materially placed limits on Plaintiff in one or more major life activities. (Exhibit A, Richardson Affidavit, Para's 8 and 9; Exhibit C, Plaintiff's Response to Admissions, Para 1).

8. Defendants deny that they "knew that failing to provide reasonable accommodations for a disability was against the law". (Exhibit A, Richardson Affidavit, Para's 9)

9. Defendants admit and agree that no "reasonable accommodations" were provided, further that Plaintiff did not propose or request "reasonable accommodations". However, Plaintiff did state to Defendants that he had Asperger Syndrome that made him tactless or rude to people and they would just have to get use to it. (Exhibit A, Richardson Affidavit, Para's 8, 9 and 10).

10. Defendants deny that Plaintiff's termination of employment deprived Plaintiff of his ability to afford to pay his debts.
11. Defendants deny the termination caused debt collectors to harass Plaintiff.
12. Defendants have no evidence or knowledge that Plaintiff "contemplated" suicide and therefore deny it.
13. Defendants deny that Plaintiff's lost wages equal $16,000 per year.
14. Defendants deny that Plaintiff will be out of work for five (5) years.

IV. Plaintiff then requests Summary Judgment on seven (7) items or additional facts. All items with the exception of 1, 2 and maybe 4 are not supported by uncontroverted facts. Items 3, 5, 6, and 7, for which Plaintiff seek summary judgment, are conclusions which Plaintiff claims arise from the statement of uncontroverted facts previously stated. Not all facts posed by Plaintiff are uncontroverted nor do those alleged uncontroverted facts support the conclusions offered by Plaintiff. Other than specifying which facts are not genuinely at issue this Court should otherwise deny Plaintiff's motion for partial summary judgment. Plaintiff is not entitled to a summary judgment as a matter of law.

/s/ Gary W. Allman
Gary W. Allman Bar #19921
P.O. Box 5049
Branson, Mo 65615
Phone: (417) 332-2800
Fax: (417) 332-1008
garywallman@gmail.com
Attorney for: Defendants