IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS,  )
 )
      Plaintiff,  )
 )
v.  )
 )Case No. 10-3305-CV-S-RED
RELIABLE HEAT & AIR, LLC, et al.,  )
   And  )
 )
RANDAL RICHARDSON, et al.  )
 )
Defendants.  )

*Original Interrogs #4*

## AMENDED RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES

2. —    Comes now Plaintiff David Stebbins, who submits the following amended response to the Defendants' first interrogatories.
1. State the address of each residence you have resided at for the past five years, and the length of time for occupying each residence.

Answer: I have lived at 1407 N Spring Rd, APT #5, Harrison, AR 72601 ever since August 2008. Before then, I lived at 303 N Willow St. APT #3 Harrison, AR 72601, an apartment which I moved into in June of 2008. Before then, I was living at 8527 Hopewell Rd, Harrison, AR 72601, which I moved into in May of 2007. Before then, I lived at 632 W Putman St, Fayetteville, AR 72701, an apartment which I moved into in February of 2008. Previously, I lived at 8527 Hopewell Rd, Harrison, AR 72601, which I moved into in December of 2007. Previously, I lived at Yocum Hall at the University of Arkansas (I forget the exact address), which started in August 2007. Before then, I was living at 8527 Hopewell Rd, Harrison, AR 72601, which I was living at five years ago, to the day.

3. — 2. State the name, address, and phone number of each employer you have had in the past five (5) years and provide the following reference to each employment:
   A. date of beginning and ending of each employment.
   B. Brief of each job description.
   C. Reason for termination of each employment.

Answer: My last job was working for the Defendants. I have not had any job since then. The employment began in May 2009 and ended in June 2009. I was a customer service representative, and I was terminated due to the discrimination specified in this complaint.

The penultimate job was at Wendy's at 915 HWY 65, Harrison, AR 72601 from June 2008 to July 2008. Their telephone number is (870) 741-4360. I was a crew member and left because I could not handle the intense heat of the kitchen.

The third to last place I worked was at Wendy's at 2050 N College Ave, Fayetteville, AR 72703, from August 2007 to December 2007. Their phone number is (479) 443-2501. I was a circulation worker and left due to my withdrawal from the University of Arkansas.

The fourth to last place I worked was at Mullin's Library at 365 N. McIlroy Ave, between the dates of August 2007 and December 2007. I was a circulation worker and left the job due to my

DEFENDANT'S EXHIBIT B

withdrawal from the University of Arkansas.

My last job within the five year time limit was at Sonic Drive-In at 728 N Main St, Harrison, AR 72601, between the months of June 2006 and November 2006. Their phone number is (870) 741-5300. I was a cook and carhop and left due to getting less than six hours per week.

3. State in detail each and every act the Defendants did to discriminate against you, as stated in your complaint, including the date of such act.

Answer: Richardson constantly sent me home early, every day, always monitored me every minute that I worked there, and ultimately fired me after just one week, without giving me enough time to actually learn how to do the job, due to me being tactless to the customers.

4. Identify all persons who were eyewitnesses to all or any part of the occurrences mentioned in your answer to the previous interrogatory or all persons who have any knowledge of occurrence or occurrences.

Nobody at the Defendants' company were eyewitnesses to the discrimination. However, Rita Stebbins witnessed my depression first-hand.

5. List each item of damage which you claim, state its dollar value, how it is calculated, and the date in which it was incurred or is expected to be incurred, and identify all documents referring or relating to each such item or calculation.

I want five years of lost wages. I made eight dollars per hour. If I worked 40 hours per week, 50 weeks per year, I would make $16,000 per year. Multiply that by five, and that equals $80,000.

I also seek $50,000 in punitive damages for their reckless disregard of my federally-protected rights when committing the constant monitoring and constant cutting of my work hours, specified in my answer to the previous interrogatory.

I also seek $50,000 in punitive damages for their reckless disregard of my federally-protected rights when wrongfully-terminating me as specified in my complaint.

I also seek $50,000 for negligent infliction of emotional distress for causing me to literally contemplate suicide.

I also seek five years worth of health care, to accommodate for the lack of adult Medicaid that I will incur when I collect on this judgment.

6. Identify all persons whom you expect to call as expert witnesses at trial, and for each such expert state the general nature of the subject matter on which each expert is expected to testify.

Answer: I will not require any expert witnesses, anymore. At first, it appeared that I might, but there is no longer any need to. The only fact I would need an expert to prove is that I have Asperger Syndrome. However, Defendants have previously claimed that they knew about my Asperger Syndrome, but were merely confused about its status as a "disability." To prove my case now, all I need to do is prove that either 1) he did know that it was a disability, or 2) his confusion was not based on any reasonable grounds, thus, he *should* have known. This is not something that an expert can help me with, and, as such, I do not require an expert.

1. Identify all documents upon which you rely to establish proof of your claim against the Defendants and your damages claimed as a result.

Answer: I will use the documents obtained in this discovery to establish proof of my claim.

2. Describe in detail the "hostile work environment" as alleged in your complaint.

Answer: I have already answered this question in my amended response to interrogatory #4.

3. Describe in detail your alleged disability of "Asperger Syndrome", including the symptoms and results of such disability.

Answer: Asperger Syndrome is a neurological disability that makes me oblivious to social ques. This often results in an outward manifestation of tactlessness because I do not *know* when a person appears irritated at my behavior.

4. Describe the "harassment" executed by Richardson as alleged in your complaint.

Answer: I have already answered this question in my amended response to interrogatory #4.

5. Describe how you were "wrongfully terminated" from your job as alleged in your complaint.

Answer: I have already answered this question in my amended response to interrogatory #4.

6. Describe what "reasonable accommodations" would have permitted you to perform the job as alleged in your complaint.

Answer: I *was* performing the job, as alleged in my complaint. Even without an accommodation, I was performing the *essential* functions of the job, just fine. The only reason I was fired was for offending the customers. However, this is not an essential function for the job. I watched a video on the website of www.ada.gov, where it listed ten myths about the Americans with Disabilities Act. The ninth myth was "This is a service business. Having a disabled employee would make my customers uncomfortable. They make *me* uncomfortable." The response to that one was "Being uncomfortable is NOT a reason to reject an applicant that is [otherwise] qualified." If you want to look at the video, go to this webpage:

http://www.ada.gov/videogallery.htm#10_employmentmyths_captioned

So, in other words, if the customers are upset about my tactlessness, the only thing the Defendants can do is explain my disability to them and let them live with it.

That is my amended answer to the Defendants' first interrogatories.

*David A Stebbins*
1407 N Spring Rd,
Apt #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com