# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S FIRST
## REQUEST FOR ADMISSIONS

Come now Defendants Reliable Heat & Air, LLC and Randall Richardson, in response to Plaintiff's David Stebbins, request for admissions and state as follows:

For the purpose of this request for admissions, all first-person pronouns shall refer to the Plaintiff, and all second-person pronouns shall refer to the defendants. "Reliable" means the defendant, Reliable Heat & Air, LLC, and "Richardson" means defendant Randal Richardson.

1. I was employed by you, for one week, from the date of Teusday, May 26, 2009 to the date of Monday, June 1, 2009.
   Reply:  Admit.

2. Randal Richardson is the sole owner of Reliable Heat & Air, LLC, to the point that it would be a sole proprietorship, rather than a partnership, if it were not an LLC.
   Reply:  Randall Richardson is not the sole owner of Reliable Heat & Air LLC and further Deny this request.

3. If any of the torts listed in the complaint are proven, Randal Richardson

DEFENDANT'S EXHIBIT
D
ALL-STATE LEGAL®

would be jointly liable as the personal executor of these actions, on Reliable Heat & Air, LLC's behalf.
Reply: Deny

4. I was employed by Reliable as a customer service representative.
Reply: Deny. Plaintiff was employed to answer the phone and make notes of calls and otherwise respond to the calls.

5. My job description was to receive service calls from customers, schedule appointments using a paper-and-pen version of a database, and dispatch technicians to fix the problems that the customers complained about.
Reply: Admit.

6. Officially, I was scheduled as a full-time employee.
Reply: Admit.

7. Despite this, my one paycheck had less than 30 hours of work, due to Richardson asking me to go home, early every day.
Reply: We do not have complete knowledge of this request and therefore Deny.

8. I was terminated on June 1, 2009 for making the customers uncomfortable.
Reply: Deny. Plaintiff was terminated because of numerous customer complaints about Plaintiff's rudeness, abrasiveness, arrogance and his failure to do the job correctly.

9. I have a disability.
Reply: Deny.

10. This disability makes me tactless.
Reply: Deny.

11. I told you about this disability on May 26, 2009, as I was filling out my W-4.
Reply: Deny. Plaintiff was on the job for three days before he told us of his condition, but he said it made him speak harshly to people.

12. You did not ask me for medical records to prove this disability.
Reply: Admit.

13. You did not provide reasonable accommodations.
    Reply: Deny.

14. During the one week I worked at Reliable, I displayed noticeable signs of being nervous, including, but not limited to, apologizing to the point of being annoying for the slightest mistake.
    Reply: Deny.

15. Richardson kept a close watch on me, to see if I would make more mistakes.
    Reply: Admit that Plaintiff was observed in his job as any new employee.

16. On the day of June 1, 2009, I was moved to a new desk in the office.
    Reply: Admit.

17. On the day of June 1, 2009, the phone that I was to use to receive customer complaints was turned to speakerphone, so that Richardson could hear everything that was being said between me and the customers.
    Reply: Deny.

18. When a customer who was not covered under warranty asked me for the price that a technician would charge to look at their air conditioner and give a formal diagnosis, and I, in turn asked Richardson for this information, he growled at me before saying that the price was $89.
    Reply: Deny.

19. Upon calling said customer back, she asked if the company could make it to her house, on that day.
    Reply: Deny.

20. Upon being asked that question, I told her that I could not guarantee if we (the company that I was employed at, at the time) could make it there tomorrow, or August.
    Reply: Plaintiff said something that was not appropriate to the customer or the situation although the exact response is not recalled.

21. Upon hearing me say this, Richardson literally snatched the phone from me.
    Reply: Deny the phone was "snatched" but admit the phone was requested by Randall Richardson.

22. Upon snatching the phone from me, he took the phone to another room,

where I could not hear it.
Reply: Admit.

23. Five minutes after the above event happened, he returned and fired me.
Reply: Admit that this particular incident was the last of many such events that were displayed by Plaintiff as his inability to perform the job for which he was employed.

24. On the date of May 26, 2009, you knew that the Americans with Disabilities Act requires employers to provide reasonable accommodations to disabled employees.
Reply: Deny, as I am not sure exactly what I knew about the Act.

25. You intended to terminate our employment relationship.
Reply: Admit.

26. As a business, most of your revenue comes from contracts that you have with various companies around Branson, whereby they agree to pay you a flat amount each month, in exchange for unlimited service.
Reply: Deny.

27. Your business customers are paying for these contracts, whether they use them or not.
Reply: Deny.

28. If I am being tactless to a customer, it would take no more than ten seconds to tell said customer "Sorry about David; he has a disability that makes him tactless." You can test this one by timing it with a stopwatch.
Reply: Deny.

29. In the event that I can prove that I was discriminated, the calculation of my damages is accurate (remember, admitting this fact will do you no harm if I cannot prove any of the torts listed in my complaint).
Reply: Deny.

_Randall Richardson_

Randall Richardson

Reliable Heat & Air LLC

_Randall Richardson_

by:  Randall Richardson  Member

## VERIFICATION

STATE OF MISSOURI        )
                                 ) ss

COUNTY OF TANEY         )

On this ___10TH___ day of December 2010  Randall Richardson personally and as Member of Reliable Heat & Air LLC, defendants herein, being duly sworn, upon his oath states that the facts and matters contained in the above reply to request for admissions are true and correct according to his best knowledge and belief.

Kiwi Cone  Notary

KIWI K. CONE
My Commission Expires
June 25, 2013
Stone County
Commission #09828728

Gary W. Allman
Missouri Bar No. 19921
P.O. Box 5049
Branson, Missouri 65615
Phone: (417) 332-2800
Fax No: (417) 332-1008
ATTORNEY FOR DEFENDANTS