IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| DAVID STEBBINS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR DECLARATION OF LAW

Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following motion for the court to declare that the Defendants' defense that my disability was causing customers to become dissatisfied with the company's service is insufficient to establish the affirmative defense of "bona fide occupational qualification."

I promised you some persuasive precedent regarding this issue, and here it is. I was mistaken when I claimed that it came from the Eleventh Circuit, though; it in fact comes from the Fifth Circuit. It was appealed from the Southern District of Florida, which is probably why I thought it was in the Eleventh Circuit, but this must have been back before the Eleventh Circuit broke off from the Fifth one.

The case law is *Diaz v. Pan American World Airways, Inc.*, 5 Cir., 1971, 442 F.2d 385, cert. denied, 404 U.S. 950, 92 S.Ct. 275, 30 L.Ed.2d 267.

The summary of the case is as follows: The Defendants (Pan Am) refused to hire Carol Diaz, Jr. as a flight attendant, solely on grounds of his gender. Diaz timely filed suit. Pan Am raised the argument that their customers would have been dissatisfied with a male flight

attendant, and since the customers were the bread and butter of any business, let alone this one, their satisfaction – or lack thereof – constituted a bona fide occupational qualification.

On Appeal, the United States Court of Appeals for the Fifth Circuit held that, just because the customers wished to discriminate does not give the employer leave to do so.

Allow me to paint a better visual picture for you: In Harrison, AR, a lot of people are racist, and not just racist, but openly racist. I do not like it any more than you do, but it is simply a fact of life here in Harrison.

If a black man gets a job here in Harrison that directly involves customer interaction, and customers discontinue their patronage at that company as a result, should the employer be legally allowed to terminate the employment relationship, or should the racist customers just have to get over their ignorance and bigotry?

At numerous times throughout discovery, and in his affidavit, Defendant Randal Richardson claimed that I told him about my Asperger Syndrome, and stated that the customers would just have to get used to it. Perhaps my Aspergers caused me to phrase it in a way that was much ruder than I intended it (that *is* the kind of thing that Aspergers does), but if I did indeed say that, it was probably in direct reference to this case law.

In furtherance of my position that customer dissatisfaction is insufficient to justify a bona fide occupational qualification, there is a video that I watched a long time ago (even before the EEOC mediation) on the website of www.ada.gov. If you follow this link:

http://www.ada.gov/videogallery.htm

You will be taken to a list of videos. As of the time of this writing, the top video is "Ten Employment Myths." Please watch this video. As you watch it, pay close attention to Myth #9, which begins at 11:24.

> Business owner: This is a service business. Having folks like that working here would make my customers uncomfortable. They make *me* uncomfortable.
>
> EEOC: Being uncomfortable is *not* a reason to reject an applicant that's [otherwise] qualified.

This is not just from some random Youtube video that I found laying around; as you can clearly see, this is from the official website of the Americans with Disabilities Act; it is therefore quite reliable in assessing legal rights and responsibilities.

I inserted the word "otherwise" in brackets because, although the video did not explicitly state it, that is clearly what they meant; if the only reason that the employee is unqualified is because of customers being uncomfortable for a reason that would likely not have been present, but for the disability, then the employee is, indeed, qualified.

There you go, Your Honor, two legal sources indicating that this court should hold the Defendants' "bona fide occupational qualification" defense as insufficient.

Wherefore, premises considered, I respectfully pray that you declare that customer dissatisfaction is insufficient to support a bona fide occupational qualification defense.

It is so requested on this 26th day of August, 2011.

  /s/ David Stebbins
David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., And | ) ) ) |
| RANDAL RICHARDSON, et al. | ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, hereby certify that a true and correct copy of my motion for declaration of law was served on the Defendants by allowing them to view the Notice of Docket Activity on ECF, as allowed by Local Rule 5.1, on the 26th day of August, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com