IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS,                            )
                                           )
    Plaintiff,                            )
                                           )
v.                                         )Case No. 10-3305-CV-S-RED
                                           )
RELIABLE HEAT & AIR, LLC, et al.,          )
    And                                    )
                                           )
RANDALL RICHARDSON, et al.                 )
                                           )
Defendants.                                )

## DEFENDANTS' SUGGESTIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants and for their Suggestions in Support of Defendants' Motion for Summary Judgment state as follows:

### Statement of Uncontroverted Material Facts

1. Defendant Reliable Heat & Air, LLC is engaged in the business of installing of heating and air conditioning equipment and materials and repair and maintenance of existing equipment and servicing similar equipment of its customers.

   **(Exhibit A,** Affidavit of Richardson, Para 4).

2. Defendant Randall Richardson is the managing member of Reliable Heat & Air, LLC.

   **(Exhibit A,** Affidavit of Richardson, Para 1).

3. During the last week of May or first week of June 2009, Plaintiff was employed by the Defendants to answer the business phone,

1

keeping notes of calls, dispatching crews to jobs, communicating with customers and generally as a customer service representative. (**Exhibit A,** Affidavit of Richardson, Para 3;

**Exhibit D,** Defendants' Response to First Admissions, Para's 4 and 5;

**Exhibit D,** Defendants' Response to First Admissions, Para's 1, 4 and 5).

4. Plaintiff was employed by Defendants as a customer service representative.

   (**Exhibit G,** Plaintiff's Statement of Uncontroverted Facts, Para 1.)

5. The only reason Plaintiff was terminated was because he was rude to and offended customers.

   (**Exhibit G,** Plaintiff's Statement of Uncontroverted Facts, Para 4 and 6; **Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para 6 [original interrogatory 15]; **Exhibit H,** Defendants' Opposition to Plaintiff's Motion for Summary Judgment, Para's 4 and 6.).

6. Plaintiff alleges that his disability is Asperger Syndrome, is a neurological disability that makes him oblivious to social ques which often results in an outward manifestation of tactlessness.

   (**Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para 3[1])

7. After three or four days of work, Plaintiff was intentionally

---

[1] In his response Plaintiff re-numbered Defendants' Interrogatory numbers. Paragraph 3 is the response to the original Interrogatory Number 12, as indicated in the left margin of Exhibit B.

2

terminated by Defendants.

(**Exhibit A,** Richardson Affidavit, Para 7 and 8;
**Exhibit D,** Defendants' Response to First Admissions, Para's 8 and 25).

8. Plaintiff's employment was terminated because of his failure to properly perform his job in that he was rude, abrasive and arrogant to customers, because he was "tactless" to customers and his failure to properly handle business calls.
(**Exhibit A,** Affidavit of Richardson, Para 5, 6, 7, 8, and 10;
**Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para's 3 and 6 [original interrogatory 4 and15];
**Exhibit D**, Defendants' Response to First Admissions, Para's 8, 19, 20, 21, 22, and 23; **Exhibit G,** Plaintiff's Statement of Uncontroverted Facts, Para 4 and 6; **Exhibit H,** Defendants' Opposition to Plaintiff's Motion for Summary Judgment, Para's 4 and 6).

9. Plaintiff did not tell Defendants that he had Asperger Syndrome until the last day of his employment.
(**Exhibit A,** Affidavit of Richardson, Para 7, 8, 9 and 10;
**Exhibit C,** Plaintiff's Response to Admissions, Para 1; **Exhibit H,** Defendants' Opposition to Plaintiff's Motion for Summary Judgment, Para 7).

10. Plaintiff made no effort to correct or amend his customer relations and informed Defendants that because of his Asperger Syndrome condition, that was just the way he was and customers would have to get use to it. "So, in other words, If the customers are upset about my tactlessness, the only thing the Defendants can

3

do is explain my disability to them and let them live with it."
(**Exhibit A,** Affidavit of Richardson, Para 6, 8 and 9;
**Exhibit D,** Defendants' Response to First Admissions, Request number 28;
**Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para 6 [original interrogatory 15]).

11. Plaintiff offered or suggested no reasonable accommodation to facilitate his "disability", however, did suggest to Defendants that, "So in other words, if the customers are upset about my tactlessness, the only thing the Defendants can do is explain my disability to them and let them live with it."
(**Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para 6 [original interrogatory 15]).

12. Plaintiff suggests in his Request for Admissions to Defendant, that, "If I am being tactless to a customer, it would take no more than ten seconds to tell said customer 'Sorry about David; he has a disability that makes him tactless.' You can test this one by timing it with a stopwatch."
(**Exhibit D,** Defendants' Response to First Admissions, Request number 28).

4

# Suggestions in
# Support of Motion for Summary Judgment

1. Summary Judgment Standard:

The standard for a Summary Judgment under Rule 56(c) Federal Rules of Civil Procedure provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admission ns on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fry v. Holmes Freight Lines, Inc., 72 F. Supp. 2d 1074, 1075 (W.D. Mo. 1999).** When ruling on a motion for summary judgment, the Court should view the facts in the light most favorable to the adverse party and allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. See id and also **Reed v. ULS Corp., 178 F.3d 988, 900 (8th Cir. 1999.** However, summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. See **Cunningham v. Kansas City Star Co., 995 F. Supp. 1010, 1014 (W.D. Mo 1988).**

2. American with Disabilities Act:

Pursuant to section 12112(a) of the Act, an employer may not discriminatorily terminate an otherwise qualified individual on the basis of his disability. To recover on a claim of discrimination under the Act, a Plaintiff must show that: 1) he is an individual with a disability; 2) he is otherwise qualified to perform the job requirements, with or without reasonable accommodation; and 3) he was discharged solely by reason of his

5

handicap. **Jakubowski v. The Christ Hospital Inc., 627 F. 3rd 195, 201 (6th Cir. 2010)**, **Monette v. Elec. Data Sys. Corp., 90 F.3rd 1173, 1178 (6th Cir. 1996)**

3.  Discussion:

The uncontroverted material facts clearly establish that 1) Plaintiff is not an individual with a disability, 2) Plaintiff is not a qualified person, and 3) that Plaintiff was not discharged solely by reason of his handicap.

(a.) Plaintiff claims he has Asperger Syndrome and such a condition is a recognized "disability" under the Americans with Disabilities Act (ADA). In response to an Interrogatory that asked, " Describe in detail your alleged disability of "Asperger syndrome", including the symptoms and results of such disability." Plaintiff stated, "Asperger Syndrome is a neurological disability that makes me oblivious to social ques. This often results in an outward manifestation of tactlessness because I do not *know* when a person appears irritated at my behavior." (**Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para 3[2]). The ADA defines disability as (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. **Wooten v. Farmland Foods, 58 F.3d 382 (8th Cir. 1995)** It is axiomatic that "an outward manifestation of tactlessness" is not an impairment that substantially limits a person's major life activities. It is likewise fair to

---

[2] In his response Plaintiff re-numbered Defendants' Interrogatory numbers. Paragraph 3 is the response to the original Interrogatory Number 12, as indicated in the left margin of Exhibit B.

state that such an impairment is not seen or perceived as a substantially limiting impairment. Although Asperger Syndrome may, under certain circumstances, depending on the particular symptoms of the condition, rise to the level of a condition substantially limiting disability, there is no evidence here produced that establish such fact. Indeed, the uncontroverted evidence in this case establishes just the opposite.

A plaintiff seeking relief under the ADA must establish that he is a disabled person within the meaning of the ADA as stated in **Wooten id.** Plaintiff here, other than stating he has outward manifestations of tactlessness, offers no proof of any other disability that would qualify Plaintiff under the umbrella of the ADA. Stated differently, the uncontroverted facts establish that Plaintiff is not a disabled person.

(b.) The uncontroverted facts establish that Plaintiff is not otherwise qualified to perform the job requirements, with or without reasonable accommodation.

Plaintiff was hired by Defendants to perform generally as a customer service representative. Uncontroverted fact number 3 states: During the last week of May or first week of June 2009, Plaintiff was employed by the Defendants to answer business phone, keeping notes of calls, dispatching crews to jobs, communicating with customers and generally as a customer service representative. (**Exhibit A,** Affidavit of Richardson, Para 3; **Exhibit D,** Defendants' Response to First Admissions, Para's 4 and 5; **Exhibit D,** Defendants' Response to First Admissions, Para's 1, 4 and 5). Plaintiff was employed by Defendants as a customer service representative. (**Exhibit G,** Plaintiff's Statement of Uncontroverted Facts, Para 1.)

Uncontroverted Fact number 8 states: Plaintiff's employment was terminated because of his failure to properly perform his job in that he was rude, abrasive and arrogant to customers, because he was "tactless" to customers and his failure to properly handle business calls.
(**Exhibit A,** Affidavit of Richardson, Para 5, 6, 7, 8, and 10; **Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para's 3 and 6 [original interrogatory 4 and15]; **Exhibit D,** Defendants' Response to First Admissions, Para's 8, 19, 20, 21, 22, and 23; **Exhibit G,** Plaintiff's Statement of Uncontroverted Facts, Para 4 and 6; **Exhibit H,** Defendants' Opposition to Plaintiff's Motion for Summary Judgment, Para's 4 and 6).

Plaintiff admits that the only reason he was terminated from the job was because he was rude to and offended customers. See Uncontroverted Fact Number 5, above.

Although not specifically requesting that Defendants provide an accommodation, Plaintiff can be considered as offering that his disability be accommodated by simply telling customers that Plaintiff has a disability and they will just have to live with it. Or as stated in Uncontroverted Fact Number 10: Plaintiff made no effort to correct or amend his customer relations and informed Defendants that because of his Asperger Syndrome condition, that was just the way he was and customers would have to get use to it. "So, in other words, If the customers are upset about my tactlessness, the only thing the Defendants can do is explain my disability to them and let them live with it."
(**Exhibit A,** Affidavit of Richardson, Para 6, 8 and 9;

8

**Exhibit D,** Defendants' Response to First Admissions, Request number 28;

**Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para 6 [original interrogatory 15]).

And further in that regard, Plaintiff suggests another form of accommodation in his Requests for Admissions, where in Plaintiff states: "If I am being tactless to a customer, it would take no more than ten seconds to tell said customer 'Sorry about David; he has a disability that makes him tactless.' You can test this one by timing it with a stopwatch."

(**Exhibit D,** Defendants' Response to First Admissions, Request number 28).

The uncontroverted facts clearly illustrate that Plaintiff was not an "otherwise qualified" individual. The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. **Jakubowski v. The Christ Hospital, Inc., 627 F.3d 195, 201 (6th Cir. 2011).** The Court additionally stated that essential functions are fundamental job duties of the employment position the individual with a disability holds and consideration shall be given to the employer's judgment as to what functions of a job are essential. **Jakubowski** is remarkably similar to the instant case in that Jakubowski suffered from Asperger Syndrome which evidenced symptoms that made it difficult for Plaintiff to communicate to co-workers and patients. Jakubowski was a medical resident and was terminated from his residency because of his deficiency in communicating satisfactorily with co-workers and patients. Jakubowski

9

argued that his disability should have been accommodated by "knowledge and understanding." Jakubowski proposed that if the other physicians and nurses were made aware of his condition and the symptoms and triggers of Asperger's that he could then continue his residency. He also acknowledged that he would have to improve his communication skills with patients. **Jakubowski, id at 198.** After discussing the procedures for the interactive accommodation process the Court held that the proposed accommodation did not deal with how Jakubowski would satisfactorily deal with patients and, absent the employer dealing in bad faith, such accommodation was not reasonable or appropriate under the particular circumstances. The appellate court upheld the trial court's granting defendants a summary judgment holding that Plaintiff was not an "otherwise qualified" individual. See Also, **Monette v. Electronic Data Systems Corp., 90 F. 3rd 1173, 1183 (6th Cir. 1996),** wherein the Court held that in order to establish a claimant is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation, the disabled individual bears the initial burden of proposing an accommodation and showing that the accommodation is objectively reasonable.

      Plaintiff's efforts to propose an accommodation to " . . . explain my disability to them (customers) and let them live with it." not only does not propose an objective accommodation but also is not in good faith. Likewise, proposing that Defendants could accommodate the disability by calling customers and explaining Plaintiff's disability is not reasonable. "If I am being tactless to a customer, it would take no more than ten seconds to tell said customer 'Sorry about David; he has a disability that makes him tactless.' You can test this one by timing it

with a stopwatch." (**Exhibit D,** Defendants' Response to First Admissions, Request number 28). This proposed accommodation does not take into account that Defendants would be required to hire another person to constantly oversee Plaintiff to know when he was "tactless to a customer" or to divert another employee to constantly monitor Plaintiff. This is just not a reasonable requirement to place on Defendants.

In summary, the uncontroverted facts establish that Plaintiff is not an "otherwise qualified" individual.

(c.) Plaintiff was not discharged solely by reason of his handicap. The uncontroverted facts establish that Plaintiff was terminated because of his inability to properly perform the essential functions of his job in that he was rude, abrasive and tactless to customers. As Uncontroverted Fact Number 8 confirms: Plaintiff's employment was terminated because of his failure to properly perform his job in that he was rude, abrasive and arrogant to customers, because he was "tactless" to customers and his failure to properly handle business calls. (**Exhibit A,** Affidavit of Richardson, Para 5, 6, 7, 8, and 10; **Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para's 3 and 6 [original interrogatory 4 and 15]; **Exhibit D**, Defendants' Response to First Admissions, Para's 8, 19, 20, 21, 22, and 23; **Exhibit G,** Plaintiff's Statement of Uncontroverted Facts, Para 4 and 6; **Exhibit H,** Defendants' Opposition to Plaintiff's Motion for Summary Judgment, Para's 4 and 6). Plaintiff was employed by Defendants as a customer service representative (**Exhibit G,** Plaintiff's Statement of Uncontroverted Facts, Para 1.) and, as Plaintiff confirms, the only reason

Plaintiff was terminated was because he was rude to and offended customers. (**Exhibit G**, Plaintiff's Statement of Uncontroverted Facts, Para 4 and 6; **Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para 6 [original interrogatory 15]). Defendants further testify that they did not know of Plaintiff's Asperger Syndrome condition until after or shortly before he was terminated. Plaintiff did not tell Defendants that he had Asperger Syndrome until the last day of his employment although Plaintiff states that he informed Defendants of his Asperger's "timely".
(**Exhibit A,** Affidavit of Richardson, Para 7, 8, 9 and 10;
**Exhibit C,** Plaintiff's Response to Admissions, Para 1; **Exhibit H,** Defendants' Opposition to Plaintiff's Motion for Summary Judgment, Para 7).

One requirement for recovery under the ADA is that a Plaintiff prove that "he was discharged solely by reason of his handicap." <u>Jakubowski v. The Christ Hospital Inc., 627 F. 3rd 195, 201 (6th Cir. 2010)</u>, <u>Monette v. Elec. Data Sys. Corp., 90 F.3rd 1173, 1178 (6th Cir. 1996).</u>

The uncontroverted facts in this case clearly establish that Plaintiff was terminated because he failed to properly preform his job. The facts also support the proposition that Defendants were not even aware of Plaintiff's condition prior to termination.

Plaintiff argues that his Asperger's causes him to be tactless with people, that he was tactless with customers, that he was terminated for being tactless with customers and therefore, he was terminated because of his disability. This logic is flawed, particularly in light of the fact that Plaintiff has not established that he was otherwise qualified to properly

12

perform the job, with or without accommodation. This is the exact holding in **Jakubowski** and **Monette.** Additionally, there is a distinction between termination of employment because of misconduct and termination of employment because of a disability. **Collins v. Longview Fibre Company, 63 F. 3d 828 (9th Cir. 1995).** Plaintiff's logic would require Defendants to keep Plaintiff employed in a job he cannot perform. Defendants suggest that is not the purpose or scope of the ADA. Plaintiff suggests the ADA guarantees him a job he is not qualified to perform. Plaintiff was terminated because he couldn't do the job and there was no reasonable accommodation that could be instituted to facilitate Plaintiff to perform the job. Arguably, Plaintiff could properly perform a different job that didn't require customer relations or customer interaction but such a job or accommodation was not suggested or requested. Plaintiff was terminated because he did not properly perform his job, not because of his Asperger's disability. Plaintiff was not terminated solely because of his disability and therefore, Plaintiff's claim against Defendants cannot stand.

4.) Plaintiff, in his petition also alleges "a hostile work environment", although that claim seems to be merged with Plaintiff's claim of wrongful termination. When asked by interrogatory number 11, "Describe in detail the "hostile work environment" as alleged in your complaint." Plaintiff responded as follows: "Richardson constantly sent me home early, every day, always monitored me every minute that I worked there, and ultimately fired me after just one week, without giving me enough time to actually learn how to do the job, due to me being tactless to the customers." (**Exhibit B,** Plaintiff's Amended Response to First Interrogatories, Para's 3 and 2 [original interrogatory

13

4 and 11]). This does not state a separate cause of action. Consequently, granting Defendants a summary judgment would resolve Plaintiff's hostile work environment claim.

Summary:

To recover on a claim of discrimination under the ADA, a Plaintiff must show that: 1) he is an individual with a disability; 2) he is otherwise qualified to perform the job requirements, with or without reasonable accommodation; and 3) he was discharged solely by reason of his handicap. The uncontroverted material facts herein presented prove that Plaintiff has not established any of the three items above referenced. Consequently, Defendants are entitled to a summary judgment as a matter of law. Defendants respectfully request the Court to grant their motion for summary judgment.

*Gary W. Allen* (signature)

Gary W. Allman
Missouri Bar No. 19921
P.O. Box 5049
Branson, Missouri 65615
Phone: (417) 332-2800
Fax No: (417) 332-1008
ATTORNEY FOR DEFENDANTS