IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS,

    Plaintiff,

v.    Case No. 10-3305-CV-S-RED

RELIABLE HEAT & AIR, LLC, et al.,
    And

RANDAL RICHARDSON, et al.

Defendants.

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now Plaintiff David Stebbins, who respectfully submits the following motion for partial summary judgment.

### Statement of Uncontroverted Facts

In compliance with Local Rule 56.1, I hereby submit the following statement of uncontroverted facts.

1. I was employed by the defendants as a customer service representative.

2. The defendants terminated the employment relationship.

3. Said termination was deliberate.

4. I was terminated for being rude to the customers.

5. I was scheduled as a full-time employee.

6. Despite that, I was sent home early every day, for being rude to the customers, to the point where it was a de facto part-time job. This was not admitted, per se, but it is considered to be admitted, due to a technicality, as I will explain later on.

7. I have Asperger Syndrome, which makes me tactless. Furthermore, the defendants believed me when I told them that I have Asperger Syndrome, as well as its symptoms; they merely did not



think that it was a disability, but rather, a mere personality defect, akin to having a bad temper, not something that is entitled to accommodation, per ADA law.

8. The defendants knew that failing to provide reasonable accommodations for a disability was against the law.

9. Despite this knowledge, the defendant failed to provide reasonable accommodations that he can account for.

10. The defendants' termination of our employment relationship deprived me of my ability to afford to pay my debts (this is another issue that is admitted technically, rather than a true, genuine admission, as explained later).

11. Because of my inability to pay my debts, debt collectors began to harass me.

12. Said harassment literally caused me to contemplate suicide.

13. The lost wages suffered as a direct result of my termination equals $16,000 per year.

14. I will likely be out of work for approximately five years.

Therefore, I am entitled to summary judgment on the following issues:

1. An employment relationship existed (as opposed to, being an independent contractor).

2. I have Asperger Syndrome.

3. I was terminated for a reason that would likely not have been present, but for me having Asperger Syndrome.

4. The defendants made no attempt, whatsoever, to accommodate the disability.

5. The defendants knew that terminating a disabled person without accommodating the disability was illegal, thus giving rise to punitive damages.

6. I had reduced work hours, thus constituting an adverse employment action for the purposes of proving a hostile work environment.

7. I suffered grave emotional distress because of this termination.

Upon this motion for partial summary judgment being granted, only one question will remain

for trial: Did the defendants know, or did they have no excuse for not knowing, that Asperger Syndrome was a disability?

If I can prove that the answer to that question is "yes," that will mean that the defendants' actions constituted discrimination.

Upon proving that the actions were discriminatory, that will prove that the actions were intolerable in polite society. This will establish the one final criterion for my claim of negligent infliction of emotional distress.

Wherefore, I respectfully pray that you summarily judge all the other elements, besides those two unanswered questions, in my favor, award costs incurred, and award other relief that the court finds appropriate. It is so humbly requested, on this 1st day of August, 2011.

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com