# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID STEBBINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| | ) |
| **RELIABLE HEAT & AIR, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 124) wherein Plaintiff requests the Court to "summarily judge [particular] facts in [his] favor, and find that only one question [of fact] . . . remains for trial."

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff, in his motion, admits that particular disputes of material fact remain for trial. These conceded disputes of material fact leave elements of each of Plaintiff's claims in dispute; and, thus, leave issues to be addressed at trial. For these reasons, partial summary judgment on Plaintiff's claims is inappropriate.

Rule 56(g) states that "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating that any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case." Plaintiff's statement of uncontroverted facts is not in compliance with Rule 56.1 which requires references to record supporting each statement of fact. However, Defendant has admitted certain facts in Defendant's Suggestions in Opposition to Plaintiff's Second Motion for Partial Summary Judgment (Doc. 130). The Court understands that Plaintiff made references to record in his brief which supports these same admitted

facts. Accordingly, the Court will enter an order establishing the following facts as undisputed:

1. Plaintiff was employed by the Defendants as a customer service representative;

2. Defendants terminated the employment relationship;

3. Termination of Plaintiff was deliberate;

4. Plaintiff was terminated for being rude to the customers;

5. Plaintiff was hired as a full-time employee;

6. Plaintiff was rude to customers of Defendants;

WHEREFORE, this Court **DENIES** Plaintiff's Motion for Partial Summary Judgment and **ORDERS** that the above stated facts will be considered as established in this case.

**IT IS SO ORDERED.**

DATED: September 8, 2011     */s/ Richard E. Dorr*
                              RICHARD E. DORR, JUDGE
                              UNITED STATES DISTRICT COURT