IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| RANDAL RICHARDSON, et al. | ) |
| Defendants. | ) |

**MOTION FOR RULE EXTENSION OF RULE 56(g) DECLARATION**

Comes now Plaintiff David Stebbins, who respectfully submits the following motion for the Court to modify its Rule 56(g) declaration (Document #143) to accommodate the declarations of fact issued herein.

My statement of uncontroverted facts was not in compliance because they lacked the citations to the record. There were citations, but they were in the brief, not the statement of uncontroverted facts. It was a typical "pro se error," and I apologize for that.

**Exhibits.**

In this motion, I will provide the following exhibits:

1. **Exhibit A**. The answer to the complaint. This will be an important exhibit because, if the Defendant does not deny a matter in his answer, it is admitted by default. See Fed. R. Civ. P. Rule 8(b)(6). Therefore, when I simply state "See Exhibit A," then you should look to the answer in its entirety, and see that the matter I am asserting is not denied anywhere in the answer.

2. **Exhibit B**. This is the affidavit of Randal Richardson, co-Defendant and owner of

Reliable Heat & Air, LLC, the other co-Defendant. To the extent that I agree with the statements made in that affidavit, they are therefor admitted expressly (not by default).

3. **Exhibit C**. This is the Defendant's response to my first request for admissions.
4. **Exhibit D**. This is the Defendants' company handbook, outlining its company policies.
5. **Exhibit E**. This is the Defendant's Response in Opposition to my motion for partial summary judgment. There are a few issues which the Defendants expressly admitted to which you still forgot to order as established in this case.
6. **Exhibits G and H**. These are requests for admissions which I served on the Defendants (see Documents #31 and #60, respectively). The Defendants never responded to these requests for admissions, and as a result, the facts contained therein are all admitted by default.

**Facts**

1. Despite being scheduled as a full-time employee, I was sent home early every day. See Exhibit A.
2. I have Asperger Syndrome, a disability that causes me to be tactless. Furthermore, the defendants believed me when I told them that I have Asperger Syndrome, as well as its symptoms; they merely did not think that it was a disability, but rather, a mere personality defect, akin to having a bad temper, not something that is entitled to accommodation, per ADA law. See Exhibit B, Paragraphs #7 and #8.
3. The defendants knew that failing to provide reasonable accommodations for a disability was against the law. See Exhibit D, Page 3 (more specifically, see the section entitled "Americans with Disabilities Act," where the company unequivocally outlines its policy regarding ADA law).

4. The defendant failed to provide reasonable accommodations. See Exhibit E, Section III, Paragraph 9.

5. In the month of November 2009, I approached my mother, Rita Stebbins, at her place of occupation at the time, and sought her help in locating a therapist. See Exhibit A.

6. The reason I wanted this therapist is because, not ten minutes prior, I was literally preparing a suicide note. See Exhibit A.

7. The reason I was preparing that suicide note is because I was being harassed by creditors and debt collectors. See Exhibit A.

8. These debt collectors were aggrieved by my inability to pay my debts. See Exhibit D.

9. My inability to pay these debts stemmed directly from my unemployment. See Exhibit A.

10. My unemployment was caused by the Defendants' very termination of my employment, spoken of in the complaint. See Exhibit A.

11. The lost wages suffered as a direct result of my termination equals $16,000 per year. See Exhibit G.

12. I will likely be out of work for five years, effective June 2009. See Exhibit H.

13. If I can prove at trial the remainder of the discrimination claim, I will then be entitled to relief in the amount of $80,000 in lost wages. See Exhibits G and H, respectively.

14. As the Defendants knew that failing to provide reasonable accommodations for a disability was against the law, that will entitle me to $50,000 in punitive damages for the wrongful termination claim, and $50,000 in punitive damages for the hostile work environment claim.

15. Assuming that the Defendant's actions were discriminatory, that will override the Defendant's First Amendment rights, creating the final criterion that I need for a negligent

infliction of emotional distress claim, giving me a right to $50,000 in emotional distress damages.

16. Add them all up, and that comes out to $230,000 in total damages, $80,000 of which is lost wages.

## Conclusion

Wherefore, premises considered, I respectfully pray that these facts be considered as established.

*David S Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, hereby certify that a true and correct copy of this motion has been served on the Defendants by allowing them to view the Notice of Docket Activity on ECF, as allowed by the local rules.

*David S Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com