IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-3305-CV-S-RED ) |
| RELIABLE HEAT & AIR, LLC, et al., And | ) ) ) ) |
| RANDAL RICHARDSON, et al. | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RULE EXTENSION OF RULE 56(g) DECLARATION

Come now Defendants Reliable Heat & Air, LLC and Randall Richardson, in opposition to Plaintiff's David Stebbins, Motion for Rule Extension of Rule 56(g) Declaration and state as follows:

Defendants do not understand an "extension of rule 56(g) declaration" but consider Plaintiff's motion an attempt to amend or modify Plaintiff's previous motion for Partial Summary Judgment and requests the Court to modify its previous order denying the summary judgment and establishing six (6) uncontroverted facts. Defendants' generally object to Plaintiff's motion as being untimely. Specifically, Defendants object to the relevant numbered paragraphs of Plaintiff's motion as follows:

1. Exhibit A. Defendants' Answer to Plaintiff's Petition was basically a general denial. Consequently, no admissions can be gleaned from the Answer as Plaintiff proposes.

2. Exhibit B: Affidavit of Randall Richardson which Defendants re-assert however, object to the interpretations and conclusions proffered by Plaintiff from such affidavit.
3. Exhibit C: Defendants' Response to Plaintiff's first request for admissions is still valid.
4. Exhibit D: Defendants' Handbook is as produced.
5. Exhibit E: Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment remains as filed.
6. Exhibit G and H: Such responses to Request for Admissions are as they are however, Defendants' attorney was never served with Request for Admissions (whatever number) shown as File Number 60.

## FACTS

1. Defendants controvert this statement of fact because, as Plaintiff supports it by reference to Defendants' Answer, such Answer establishes no facts, contrary to Plaintiff's allegation.
2. Defendants' object to this alleged fact insofar as it exceeds the statement of Defendants' in Paragraphs 7 and 8 of Plaintiff's Exhibit B.
3. Defendants object to this statement as it is merely a "conclusion" stated by Plaintiff based on Page 3 of Exhibit D.
4. Defendants' object to this statement of fact insofar as it exceeds the statements of Defendants in Section III or Exhibit E.
5. 6, 7, 9, and 10: Defendants' object to these statement of facts as Plaintiff supports them by reference to Defendants' Answer, such Answer establishes no facts, contrary to Plaintiff's allegation.

8. Defendants object to this self-serving statement of hearsay testimony by Plaintiff.

11. Defendants' object to this stated fact as it is not a fact but a conclusion is argumentative and is not supported by Exhibit G.

12. 13, 14, 15, and 16: Defendants' object to these stated facts as they are not a facts but a conclusions, are argumentative and are not supported by Exhibit G or H or any other Exhibit proffered by Plaintiff.

Plaintiff, in his motion seeks to amend his previous Motion for Partial Summary Judgment, although presenting no new uncontroverted facts. Each fact or interpretation of fact offered in his motion is not supported by the references to the file or discovery and are, in fact, disputed issue of fact. The Court has already ruled on Plaintiff's Motion for Partial Summary Judgment and that matter is resolved. Defendants' respectfully request Plaintiff's motion here be denied.

Gary W. Allman
Missouri Bar No. 19921
P.O. Box 5049
Branson, Missouri 65615
Phone: (417) 332-2800
Fax No: (417) 332-1008
ATTORNEY FOR DEFENDANTS