IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| RANDAL RICHARDSON, et al. | ) |
| Defendants. | ) |

**REPLY SUGGESTION TO MOTION FOR EXTENSION OF RULE 56(g) ORDER**

Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following reply suggestion to my Motion for Extension of Rule 56(g) Order.

1. Defendant is correct in assuming that I am requesting a modification to the Court Order that certain facts be established in the case.

2. The Defendant's Answer is not a general denial. The word "general" appears nowhere in the Answer, yet the words "specifically deny" appear numerous times in the answer. The answer only stated what was denied. It did not state "Defendants generally deny all matters other than those expressly admitted." Furthermore, the denials that the Defendants *did* make were rather specific. They denied that...

    (a) I was disabled.

    (b) I was otherwise qualified. and

    (c) They did not provide reasonable accommodations.

3. Nothing else was denied, and the Defendants did not state that it was a general denial. If the answer was intended as a general denial, then it should have unequivocally identified

itself as a general denial.

4. The Defendants deny that the Defense counsel was served with the requests for admissions spoken of in Exhibits G and H. However, I have proof that I *did* serve them with it, over email. See Exhibit A, a series of screenshots, taken one after another, proving that I *did*, indeed, serve the Defendants with these requests for admissions. The screenshots are all taken within two minutes of each other, making it highly unlikely that I contrived anything.

5. Because I served them over email, the odds of it not reaching Allman's inbox are one in a million. The Federal Rules of Civil Procedure, Rule 5(b)(2)(E) clearly states that service by electronic means is not effective if it does not reach the party to be served; however, the rule is drafted in such a way that it clearly implies that the burden of proof lies on the party claiming non-receipt. In other words, I've proven that I have sent the requests for admission; can the defendants match proof with proof, and show some proof that they did not receive it?

6. Even assuming that they did not receive the requests for admissions, they *did* receive the Notice of Docket Activity on the ECF, for Documents #31 and #60. Do the Defendants deny that? These certificates of service explained to the Court and to the Defendant (who automatically received notice of them, as they were uploaded to the ECF) that the Plaintiff believed, in good faith, that I had served the Defendants with these discovery requests. If, upon receiving notice of that docket activity, he could not find any requests for admissions, then why didn't he say anything? Therefore, they had a chance to raise an objection, and now, they come waltzing in at the eleventh hour, after discovery is over and I can't get another chance at getting this information, and attempt to irreparably

prejudice my due process rights? Shenanigans!

7. Paragraph 8 of my statement of facts was mistyped. I attempted to make reference to Exhibit A (in other words, the Defendants never denied the matter, and thus, it is admitted by default). By accident, I cited Exhibit D. I apologize for the confusion.

8. Defendants err in arguing that my statement in Paragraph 11 of my facts (that which states that my lost wages total $16,000 per year) is not supported by Exhibit G. However, Exhibit G *does* support this statement! Think about it:

    (a) If I make $8.00 per hour, and I work 40 hours per week, that means that I make $320 per month. It is a simple multiplication that we learn in third grade: Eight times forty equals three hundred twenty. Simple as that.

    (b) If I work fifty weeks per year, and take off for the weeks of Christmas and New Year's, then we take $320 per week and multiply it by 50 weeks. Three hundred twenty times fifty equals sixteen thousand. Literally, a third grade child can figure that one out.

9. Paragraphs 12 through 16 are also supported by Exhibits G and H through the same basic, third grade math.

Wherefore, premises considered, I respectfully pray that the motion to amend the Rule 56(g) order be granted.

*David S Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| RANDAL RICHARDSON, et al. | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

**I,** *pro se* Plaintiff David Stebbins, hereby certify that a true and correct copy of this motion has been served on the Defendants by allowing them to view the Notice of Docket Activity on ECF, as allowed by the local rules.

*David S Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com