IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-3305-CV-S-RED |
| RELIABLE HEAT & AIR, LLC, et al., | ) |
| And | ) |
| | ) |
| RANDAL RICHARDSON, et al. | ) |
| | ) |
| Defendants. | ) |

**MOTION TO RECONSIDER ADVERSE GRANT OF SUMMARY JUDGMENT**

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for reconsideration of Document #151, the Court's order granting summary judgment in favor of the Defendants.

It is true that I have already filed a notice of appeal; however, if this motion for reconsideration is granted, and the order granting summary judgment is vacated, I can call off the appeal without prejudice (unless, of course, the Court simultaneously reinstates the order granting summary judgment, perhaps on a different ground, at which point, what would be the point of staying the appeal without prejudice?).

In Document #151, the Court found that customer satisfaction was an essential element of the job. This finding was erroneous because the Court failed to consider a material issue that is dispute: The nature of the contracts that the Defendant has with their customers.

If you remember back to early in the discovery, I requested that the Defendants admit that they receive a good portion of their business revenue from long-term contracts, where the customers get unlimited service in exchange for a flat regular sum. I further requested that the

Defendants admit that their customers were paying for these contracts, whether they used them or not.

The Defendants denied these requested admissions, so I followed up by requesting their bank records. My belief was that the transactions could be traced to the customers. However, more specifically, I predicted that large sums of money (like tens of thousands of dollars) would be deposited into the Defendants' bank account, on a regular basis, in the same quantities, using the same method of deposit (check cashing, direct deposit, wire transfer, etc.), and on the same recurring dates, thus giving a preponderance of the evidence that the Defendants primarily deal in long-term contracts. The Defendants, however, objected to this discovery request, and the Court sustained the objection in the final discovery telephone conference in this case.

If that fact is found in my favor, it would defeat the Defendants' claim that customer *satisfaction*, at least in the strictest sense, is an "essential" qualification to do the job, because it would mean that my tactlessness, although possibly offensive, did not proximately cause any immediate loss of business for the Defendants.

This Court did not appear to have considered this issue when granting the Defendants' motion for summary judgment. However, as I have clearly demonstrated, it is both material to the controversy and very much in dispute.

Besides, even with the evidence that the Defendants have provided, can you honestly say that no jury can find in my favor of the issue of "essential job function," without you subsequently granting a motion for judgment NOV? Remember, a jury's findings of fact should not be overturned unless they are clearly erroneous. A judgment NOV basically means that you are questioning the integrity and competence of the jury, and is thus disfavored as a matter of public policy. Summary judgment should only be appropriate when you can actually state with

100% certainty that you would overturn on a Judgment NOV any jury verdict that is in the nonmovant's favor. Can you safely state that?

Wherefore, premises considered, I request that the order granting summary judgment in favor of the defendants (Document #151) be vacated, and the case be re-opened.

/s/ David Stebbins
David Stebbins
8527 Hopewell Rd,
Harrison, AR 72601
870-743-4386
stebbinsd@yahoo.com